TEXAS EMPLOYERS' INS. ASS'N v. EZELL. (No. 1025—5203.)

Commission of Appeals of Texas, Section B. May 1, 1929.

For original opinion, see 14 S.W.(2d) 1018.

Eskridge & Williams, of San Antonio, for plaintiff in error.

Gordon Gibson, of Laredo, for defendant in error.

SPEER, J. Defendant in error has presented a very vigorous motion for rehearing. The contention in the main being centered upon the proposition that the judgment of August 25th sought to be set aside was void for want of jurisdiction in the district court. This contention is based upon the argument that the judgment was one setting aside the award of the Industrial Accident Board when there is no authority in the statutes for making such an order. But we think this conception of the nature of the judgment is entirely erroneous. It may be true that a petition in the district court seeking directly to set aside an award by the Industrial Accident Board would state no cause of action over which such court would have jurisdiction. But such is not the nature of this proceeding. It was an action entirely within the statute based upon the award of the Board seeking to mature the weekly payments and to have an immediate judgment for the entire sum unpaid. While the trial court did, in so many words, say "that the final award of the Industrial Accident Board of the State of Texas, made and entered on July 13, A. D. 1926, in Cause L–12872, entitled Robert A. Ezell, Jr., Employé, vs. Heldenfelds Bros., Employers, and Texas Employers' Insurance Association, as Insurers, should be set aside" and held for naught, yet the judgment shows very clearly that it is predicated upon an agreement of the parties reciting "that all matters in controversy" had been settled by agreement and proceeds to award in favor of claimant the sum agreed upon in settlement and to recite its payment in full, according to the stipulations of the agreement. The essence, therefore, of the judgment when read as an entirety, and it should be thus read, is that the court has entered judgment in accordance with the agreement of the parties to the effect that the award has been satisfied for a less sum than that claimed in the employé's petition. Such judgment is not void. Whether the same should in any case be held voidable is a question not before us. It is freely admitted by counsel for defendant in error that unless the judgment is void he has no standing in this case.

The construction we have given the judg-

ment is made manifest by the recital contained therein that the $3,000 paid was "in full satisfaction of all claims for compensation, damages, liabilities, interest, penalties and attorneys fees," by reason of the personal injuries constituting the basis of the claim.

We therefore recommend that the motion for rehearing be overruled.