## SHAWVER v. MASTERSON.
### No. 1184.

Court of Civil Appeals of Texas. Eastland.

Nov. 24, 1933.

M. F. Billingsley, of Munday, and James A. Stephens, of Benjamin, for plaintiff in error.

D. J. Brookreson, of Benjamin, for defendant in error.

FUNDERBURK, Justice.

This is a suit for debt and for foreclosure of deed of trust liens on land. The plaintiff, T. B. Masterson, sued to recover as against the defendant Mrs. Lona T. Shawver upon a note in the principal sum of $12,663.11, with interest, attorney's fees, etc., and for foreclosure of a lien admittedly junior to three other liens in favor of the Texas Land & Mortgage Company, or its assigns. He also sought recovery of $2,043 paid by him on the indebtedness secured by said senior liens in order to protect himself from foreclosure, for security of which amount he alleged he was the holder of such senior liens by subrogation as well as by express assignment, and sought foreclosure of same. There were a number of other defendants, unnecessary to name, who were joined for the purpose of making the foreclosure effective as against claims of different kinds. The defendant Mrs. Lona T. Shawver asserted a homestead exemption in some portion or portions of the land, there being apparent conflicts in her pleading as to the precise land, but which fact is immaterial since, in part, the judgment was one by agreement providing for the sale of the lands other than a designated 200 acres before a sale of the latter as homestead.

Mrs. Lona T. Shawver has brought the case here by writ of error, and contends that, as to the foreclosure of the lien claimed by the plaintiff because of the payments made to the Texas Land & Mortgage Company and assignment to him, the court should have limited the amount for which any foreclosure on the homestead, and sale thereof, was decreed to only the proportionate part which the amount of such debt bore to the entire indebtedness of which it was a part.

We overrule the contention for at least two reasons. In the first place, as shown by recitation in the judgment, and as borne out by recitations in the trial judge's conclusions of fact and law, the judgment was an agreed judgment respecting the foreclosure as against the homestead and the sale thereof. Plaintiff in error, having agreed to the judgment, thereby waived the right upon appeal to complain of errors therein. 25 Tex. Jur. p. 390, § 27. The consent involved in an agreed judgment waives all errors save want of jurisdiction. Sandoval v. Rosser, 86 Tex. 682, 26 S. W. 933. There is no suggestion of a lack of jurisdiction. In the second place, the pleadings do not tender any issue respecting the right here asserted, and there

is no statement of facts that would enable us to pass upon the merits of the contention, even if the pleadings had presented such issue.

We are, therefore, forced to conclude that the record presents no error and that therefore the judgment of the court below should be affirmed, which is accordingly so ordered.