## SHAWVER v. MASTERSON.
### No. 1412.

Court of Civil Appeals of Texas. Eastland
March 22, 1935.

Rehearing Denied April 19, 1935.

Lockhart & Brown, of Lubbock, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

LESLIE, Justice.

Mrs. Lona T. Shawver, a widow, sued T. B. Masterson in trespass to try title for 200

acres of land alleged to be her homestead. In addition to the trespass to try title count she set up certain matters by reason of which she sought to have set aside a sheriff's deed conveying the property in question to Masterson. The defendant answered by plea of not guilty, res adjudicata, etc. Trial was before the court without a jury, and judgment was in favor of Masterson. Mrs. Shawver appeals.

The appellant challenges the correctness of the judgment, or the interpretation thereof given it by the officials executing it, in a single proposition, viz.: "The trial court in cause No. 2319 having foreclosed a lien upon all of the Shawver lands for the sum of $2,-269.56, and upon all of the Shawver land, with the exception of the 200 acre homestead tract involved in this suit, for the sum of $15,154.31; and having expressly decreed in accordance with the law and pleadings that the lien securing said sum of $2,269.56 to be superior to the lien securing the said sum of $15,154.31; and having expressly denied the foreclosure of any lien to secure said sum of $15,154.31 upon the homestead tract, and having expressly ordered that all of the land, with the exception of the homestead tract, be sold first before offering for sale the homestead tract, and the sheriff having first offered for sale all of the land with the exception of the homestead tract, and having sold same for the sum of $5,000, such sale discharged the lien upon the homestead tract, and the sheriff was without authority to proceed further with the sale of the homestead tract."

Cause No. 2319, styled Shawver v. Masterson, was disposed of by an opinion of this court in 65 S.W.(2d) 1111. It is the view of the appellant that the vital matter involved in the instant suit is the correct construction of the judgment there affirmed. A proper disposition of this appeal renders it necessary to set forth in substance the facts upon which this lawsuit is based.

R. H. Shawver and wife, Lula Shawver, once owned about 11,840 acres of land in Knox county, encumbered by deed of trust in favor of the Texas Land & Mortgage Company for about $25,000. J. A. Shawver bought this land and assumed the indebtedness. Thereafter, he died in November, 1926, leaving a will by which he bequeathed all of said land to his wife, Mrs. Lona T. Shawver, appellant herein. In 1931, Mrs. Shawver, a widow, executed to the First Bank of Truscott, owned exclusively by T. B. Masterson, a deed of trust on all land covered by the Texas Land & Mortgage Company liens to secure her note in favor of the bank for about $12,000. The 200 acres of land here in controversy were included in the deed of trust to the bank.

Later, when the Texas Land & Mortgage Company was about to foreclose its superior lien for unpaid interest, Masterson paid the same, amounting at that time to $2,043, and the mortgage company transferred to him its lien securing such interest, subordinating it, however, to the original lien retained. Masterson thereupon became the owner of two liens against the land. The one for $2,043 covered the entire property, and was second only to the original lien held by the Land Mortgage Company. The other lien held by Masterson was the one for $12,000 executed by Mrs. Lona T. Shawver in 1931.

In the former suit, Masterson sought to foreclose these two liens, and Mrs. Shawver, appellant herein, defended against foreclosure on her alleged homestead rights, and under the pleadings and the testimony an issue arose (1) as to the existence of any such rights, (2) as to whether such rights, if any, embraced 200 acres out of the southwest corner of section 44, or (3) was made up of 47½ acres off of the north end of section 43, and 152½ acres off the south end of section 44. The trial court found that the two debts existed, and foreclosed the $2,043 interest lien as against all of the land, and the $12,000 deed of trust lien against all the land, with the exception of 200 acres off the north and south ends of sections 43 and 44, respectively. The judgment rendered by the trial court is in part as follows:

"That the defendant, Mrs. Lona T. Shawver, is justly indebted to the plaintiff, T. B. Masterson, for the principal interest and attorney's fees, as provided in the note sued on, aggregating $15,154.31, which draws interest from date at the rate of ten per cent per annum, and the interest payment made by him to the Texas Land & Mortgage Company, Limited, aggregating $2,269.56, which draws interest from date at the rate of eight per cent per annum * * * and that the last named sum of $2,269.56 is secured by a lien, second only to the liens held by the Texas Land and Mortgage Company, Limited, on the following described lands: (Follows a description of the entire Shawver Ranch, including the 200 acre homestead.) * * *

"And that the first sum above stated of $15,154.31 is secured by a lien second only to the above and said lien so held by the Tex-

as Land & Mortgage Company, Limited, covering all of the above described land except a 200 acre homestead (describing the land in controversy here) * * * and that the plaintiff is entitled to a foreclosure of each of said liens, as against all of the defendants herein.

"It is therefore considered, adjudged and decreed by the court that the plaintiff, T. B. Masterson, do have and recover of and from the defendant, Mrs. Lona T. Shawver, the sum of $17,423.87, with interest at the rate of ten per cent per annum from date until paid on the $15,154.31, thereof, and at the rate of eight per cent per annum on the remaining $2,269.56 thereof, and all costs in this behalf incurred, for which let execution issue.

"It is further considered, adjudged and decreed by the court that the plaintiff's liens be and they are hereby foreclosed, as against each and all of the defendants herein, on the liens so securing them, respectively, as above stated, and that they be sold in satisfaction thereof, and the defendant, Mrs. Lona T. Shawver, owner of all of said lands, having requested in open court that said lands be sold in the following order: The 200 acres consisting of (description) be not sold unless and until all the remainder of said lands be first sold in satisfaction of this judgment, and the proceeds thereof applied on such payment, and only in the event there should remain an unpaid portion thereof, requiring said 200 acres to be sold, and all the other defendants, through their attorneys, and the plaintiff, agreed to such order of sale:

"It is therefore ordered by the court that the clerk of this court issue an order of sale, directed to the sheriff or any constable of Knox County, Texas, commanding him to seize and sell said land as under execution, offering for sale and selling first all of said lands, except said 200 acres (describing the homestead) and apply the proceeds of such sale, first to the payment of all costs in this behalf incurred, and then to the satisfaction of said sum of $17,423.-87, with its accrued interest, and if there remain any portion of such proceeds, deliver same to the defendant, Mrs. Lona T. Shawver, but if such lands do not sell for enough to pay off and satisfy such sums, he then proceed to sell said 200 acres of land, and apply the proceeds arising from such sale of same to the satisfaction of the unpaid balance of this judgment. * * * "

Upon this judgment an order of sale was issued which set out the judgment haec verba, and pursuant to that authority the sheriff advertised and sold the lands, and made the following return on the order of sale: "And on said 6th day of December, A. D. 1932, between the hours of 10 o'clock a. m. and 4 o'clock p. m., at the said court house door of said County, in pursuance of said advertisement, sold said property at public sale, first offering for sale and selling all of said lands except the 200 acre homestead tract, which was struck off to T. B. Masterson, for the sum of $5,000, which sum not being sufficient to satisfy this judgment, I then offered for sale said 200 acre tract, which was also struck off to said T. B. Masterson for the sum of $1,000, these being the highest bids for the same, and the said T. B. Masterson having paid the sum so bid by him, I executed to him a deed for said lands."

Thereupon the sheriff executed to T. B. Masterson a sheriff's deed in the usual form, based upon the foregoing judgment, order of sale, etc. It is this deed which is sought to be "set aside and annulled" on the theory that the proper construction of the judgment would apply the $5,000 obtained by the sale of the lands (except the 200 acres) to the discharge of the $2,269.56 secured by the lien on the 200 acres, thereby leaving the latter to appellant free from encumbrance.

As a basis for the foregoing judgment, the trial court, at the request of Mrs. Shawver, made comprehensive findings of fact and conclusions of law. These are material in arriving at the true construction of the judgment, if it be conceded that there is any ambiguity therein, which we doubt. Such findings are in part as follows:

"That it was the intention of the defendant Lona T. Shawver, when she so executed said deed of trust in favor of the plaintiff to exempt as her homestead 200 acres out of the southwest corner of section 44 * * *, and that same was included therein through error.

"That the defendant Lona T. Shawver did not reserve a homestead in the shape now claimed in her supplemental pleadings consisting of the 47½ acre strip off the north side of section 43 with a 152½ acre strip off the south side of section 44, making a 200 acre rectangle a mile long east and west, and covering more cultivated land and more improvements than the 200 acres so reserved out of the southwest corner of section 44.

"* * * That during the trial hereof, after the court had heard all the evidence and arguments of counsel, and indicated his holdings would be as above stated, attorney

for Mrs. Lona T. Shawver, she being present, requested the court and all other parties that the judgment provide that the homestead as claimed by her, that is the 47½ acre strip off of section 43 and the 152½ acre strip off the south side of section 44, be not sold until all of the rest of the lands be sold, and not then unless same fail to bring a sufficient sum to pay all of said judgment, and the plaintiff's attorney, he being also present, agreed to such, and attorneys for all defendants agreed thereto, and requested the court to provide for sale in this manner."

#### "Conclusion of Law.

"I conclude that the plaintiff T. B. Masterson is entitled to judgment against the defendant Mrs. Lona T. Shawver for the amount of her indebtedness to him as found, with interest and costs of suit, and a foreclosure of his liens as prayed for as against all of the defendants, and in view of said agreement of the parties and request of the defendant Mrs. Lona T. Shawver, so made in open court, same should direct that all of said lands except the said 200 acres as requested, consisting of the 47½ acres of section 43 and 152½ acre strip off the south side of section 44 be first sold in satisfaction of said judgment, and if same bring enough to satisfy said judgment, said 200 acres be not sold, but in the event same should not sell for enough to satisfy same, then said 200 acres be sold."

Based upon these undisputed facts, is the appellant entitled to a construction of the judgment making an application of the proceeds of the first sale of the lands as contended for in the above proposition?

Practically the only contention made by Mrs. Shawver in the other appeal [65 S.W. (2d) 1111] was that the court should have limited the amount of any foreclosure on the 200-acre homestead, and sale thereof, to a proportionate share of the $2,269.56 indebtedness against the same. This indebtedness was secured by lien against the 11,840 acres under mortgage, which included said 200 acres. The proportionate amount thus chargeable to the homestead, under her then contention, would be 200/11840, or 5/296 of the $2,269.56. She did not ask to have all nonexempt property first sold and applied to said indebtedness before the sale of the 200 acres. She merely sought to have the judgment limited in its foreclosure to such fractional amount of such debt. It will be seen from the opinion in that case that the contention was overruled because the judgment appealed from was an agreed judgment.

We also held on that appeal that there was a lack of pleadings seeking any marshaling, or application of the assets of the sale with specific deference to the homestead rights, if any. By the specific agreement, however, the appellant obtained in the judgment the only character of marshaling or appropriating of the proceeds of the sale of the property deemed necessary for her protection.

To construe the former judgment to have the meaning for which the appellant now contends would be to give it a construction inconsistent with its terms, and the agreement upon which the court based it.

■ In determining the legal effect of that judgment, the entire judgment, and not isolated parts thereof, should be taken into consideration, and, if necessary, the judgment roll. Campbell v. Schrock (Tex. Com. App.) 50 S.W.(2d) 788.

In the light of the trial court's findings of fact and conclusions of law, the meaning of the judgment is unmistakable, and, if it be conceded that the judgment is in any respect ambiguous, the same should be read in the light of such findings.

■ At a certain point in the trial of that case the court seems to have summarized the testimony and indicated certain conclusions. One such conclusion was that the appellant, Mrs. Shawver, was entitled to a 200-acre homestead out of the southwest corner of section 44, as theretofore claimed in her verified pleadings, and that she had never at any time theretofore held or claimed as a homestead the 47½ acres off the north end of section 43, and the 152½ acres off the south end of section 44, aggregating 200 acres in the shape of a rectangle extending entirely across the sections of land. At the time the court indicated the above opinion, Mrs. Shawver in person and by attorney came forward with the suggestion that the judgment set aside to her said acreage out of the two sections in lieu of the 200 acres out of the southwest corner of section 44, which the court indicated was erroneously included in the mortgage. At this point it will be borne in mind that Masterson was in court by pleading and testimony denying Mrs. Shawver's right to a homestead in any of the lands, and especially the 200 acres selected by her. Nevertheless, when Mrs. Shawver suggested that such 200 acres be set aside to her, she and her attorney reached an agreement, in open court, with Masterson and his attorney to have the court set aside for her said selected lands. The court respected such agreement and entered judgment accordingly. In that connec-

tion the trial court also found that the lands thus set aside contained more cultivable lands and more valuable improvements than the 200 acres intended to be excluded from the mortgage to Masterson. By virtue of this agreement and the judgment thereon, Mrs. Shawver obtained the more valuable tract of land and doubtless in consideration therefor the parties mutually agreed that such 200 acres should not be sold until all the other lands were sold and applied to the aggregate sum ($17,423.78) secured by both liens, respectively. Aside from this agreement, or compromise, doubtless such an appropriation of the proceeds of the sale of the lands would not have been warranted. To permit the appellant now to have the benefit of the better tract of land acquired under the agreement and repudiate the other part of the agreement and judgment providing for the application of the proceeds of the sale would be inequitable, since she would be appropriating the part that is beneficial to her and repudiating the part adverse to her interests.

Obviously, the appellant's contention on this appeal ignores the fact that the previous judgment, order of sale, and application of the proceeds thereof were based on an agreement deemed controlling by this court on the former appeal. Mrs. Shawver was a widow, and under the terms of her husband's will owned all of these lands in her own right. Subject to existing mortgages, she had the power to deal with these lands, and each of the 200-acre tracts as her best judgment and interests dictated. She had the power to mortgage, sell, or exchange these lands. We discover in this record no obstacle to the arrangement by which she had the court to set aside to her a more valuable tract of land, and released her homestead interest, if any, in the other.

Throughout this record the word "homestead" is used at times by the litigants in connection with the 200-acre tracts of land, but the record discloses that the tract finally awarded to her by the court had none of the attributes of the family homestead known to the law and Constitution of Texas. Certainly Masterson did not so agree. In fact, the trial court found that she had never claimed any homestead rights in the 200 acres, as such, finally set aside to her. No point is made of the fact that each of the 200-acre tracts in controversy covers a small area of common acreage. If Mrs. Shawver had any homestead interest as such in the 200 acres out of the southwest corner of sec-

tion 44, she undoubtedly waived those rights in favor of the 200 acres selected by her.

The judgment here sought to be construed, read in the light of the judgment roll, and especially the trial court's findings of fact and conclusions of law, is not susceptible to the construction now sought to be placed upon it by the appellant. The judgment, the order of sale, and the sheriff's execution thereof are all in harmony with the explicit agreement of the parties. They had a right to make it, and are bound by it in all of its terms.

The judgment of the trial court is, therefore, affirmed.