**Eva Lea LEACH et vir, Appellants,**

**v.**

**Kurt R. MEYER, Jr., Appellee.**

**No. 10339.**

Court of Civil Appeals of Texas.

Austin.

Nov. 9, 1955.

Tisinger & Sloan, Louis Scott Wilkerson, Austin, for appellants.

L. Tonnett Byrd, Austin, for appellee.

ARCHER, Chief Justice.

This is a controversy between former spouses over a house and lot in Austin, Texas, equitable title to which had been acquired by them during their marriage by virtue of an executory contract of sale.

The appeal is predicated on one point of error, that

"The trial court erred in failing to decree partition by sale of the property in controversy and in failing definitely to adjudicate whether the half interest of one party or the other is subject to a charge in favor of the other party and, if so, how much."

It is admitted that during the marriage of the parties they acquired equitable title to a house and lot, the subject of this litigation, and further that no disposition was made of the property at the time of the divorce, except there is a finding in the

decree that neither party had any title to the property. Both parties however claim and admit ownership but the respective interest is in controversy.

This suit was instituted by Mr. Meyer against his former wife, Mrs. Leach, since remarried, seeking a declaratory judgment determining and declaring the rights of plaintiff and defendant in and to the property.

The defendant answered claiming a substantial equity in the premises, and requested the court to order the property sold and her interest be paid to her.

Trial was had to the court and a judgment was entered declaring and fixing Mrs. Leach's interest at $400 and that Mr. Meyer owns all the remaining equity in the property. The court did not order the property partitioned, if possible, or sold and, after a balancing of equities, the proceeds be divided.

The court's partition powers were invoked by appellee's petition, but if not the appellant did do so in her trial amendment. Zamora v. Zamora, Tex.Civ.App., 241 S.W. 2d 635; Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837.

Since the contract for purchase of the property was executed during the marriage and constituted a community obligation the equitable title is community and each party owns one half of such title subject, however, to such charges as may be established for or against each party. The rule for evaluating such charges are well settled and need not be restated here. For convenience of the trial court we refer to Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881; Hartman v. Hartman, Tex.Civ.App., Austin, 253 S.W.2d 480.

The judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings in accordance with this opinion and as provided in Article 6082 et seq., V.A.C.S.

Reversed and remanded.