Gustave L. MAISEL, Jr., Appellant,

v.

Cecilia Nelson MAISEL et al., Appellees.

No. 13253.

Court of Civil Appeals of Texas.

Houston.

April 17, 1958.

**680**

Armstrong, Bedford & Lambdin, Griffith D. Lambdin, Galveston, for appellant.

Berger & Mulhollan, Corpus Christi, Thurman L. Mulhollan, Corpus Christi, of counsel, for appellee.

BELL, Chief Justice.

Appellant, on July 30, 1957, instituted this suit against his former wife and Stewart Title Company to recover an interest in the proceeds derived from the sale of the home belonging to appellant and appellee prior to their divorce in September, 1954. In his petition the appellant alleged that Stewart Title Company held $4,070.94, which represented the money received from the sale of the home after paying all indebtedness on the property and expenses of sale. He claimed that after deducting from this amount the payments on the principal of the indebtedness against the home his former wife had made since the divorce, he was entitled to one-half of the amount remaining. His former wife claimed the home was awarded to her as a part of her separate estate by the divorce decree and that she was entitled to all the proceeds except $767 which the court, in the divorce decree, found to be the value of appellant's equity in the home on the date of the divorce decree. The appellant also claimed that he agreed to sell the home only after his former wife orally agreed he would be entitled, under the decree, to one-half of the net proceeds from the sale after giving her credit for payments on the principal of the debt made after the divorce. The wife, in addition to contending that the decree awarded the home to her as a part of her separate estate, contended that even if the decree awarding the home to her be invalid as being in violation of Article 4638,

R.C.S., which forbids divestiture of title, the appellant was bound by the decree because he accepted all the benefits conferred by it and thereby consented to all of its provisions.

The wife filed her motion for summary judgment pursuant to Rule 166-A, Texas Rules of Civil Procedure. To this motion she attached a copy of the divorce decree and her affidavit. Her affidavit states that she never agreed that appellant was entitled to one-half of the net proceeds, nor did she authorize anyone to make such an agreement for her. She then stated that appellant took possession of the automobile awarded to him by the decree and later sold it and retained the proceeds from such sale, to her exclusion. Too, she states that there was an indebtedness of $250 against the household furniture awarded to her; that this was appellant's indebtedness, but he failed to pay it and she was required to do so to protect the furniture. The affidavit further states that she had spent $150 for repairs on the home; that she had each month since the divorce paid one-twelfth of the taxes and insurance on the home and had paid the monthly installments of principal and interest on the indebtedness as they came due.

Appellant filed his motion for summary judgment, asking that the court determine that the divorce decree entitled him to one-half of the net proceeds after deducting the payments on the principal of the indebtedness made by the former wife since the divorce. He contended, however, there was a fact issue as to what payments had been made. The supporting affidavit of appellant asserted, among other things, that appellant did not agree to the judgment, but that it was entered by the court after evidence was heard; that his allowing his former wife to occupy the home and to make payments and repairs was because the divorce decree so provided. Too, he stated he agreed to the sale only because his former wife agreed that under the divorce decree he would be entitled to one-

half of the net proceeds, after allowing her to be reimbursed for the payments on principal that she had made since the divorce. Too, he denied that the bringing of this suit and the assertion of his claim were in any way actuated by malice. Here it might be noted that the former wife filed a cross-action, seeking not only to recover the proceeds less $767 but also $1,000 exemplary damages. Apparently, however, no serious contention is made by the former wife that she is really entitled to exemplary damages, as in the motions for summary judgment there is entire neglect to mention this.

Stewart Title Company is merely a stakeholder and it tendered the money into court and asked for an attorney's fee.

The trial court, on October 7, 1957, denied appellant's motion for summary judgment and granted that of appellee, Cecilia Maisel, and allowed Stewart Title Company an attorney's fee of $100.

In disposing of this appeal we must construe the judgment entered in the divorce suit to determine whether it awarded the home to the wife as a part of her separate estate.

We will notice only such portions of the judgment as have a bearing on this appeal. Those parts read as follows:

"On the 20th day of August, A. D., 1954 at a regular term of this court came on to be heard the above entitled and numbered cause wherein Cecilia Nelson Maisel, is plaintiff and Gustave L. Maisel, Jr. is defendant, and the plaintiff appeared in person and by attorney and announced ready for trial and the defendant, having been duly cited to appear herein and having failed to file an answer herein, appeared in person and by attorney and announced ready for trial. Whereupon a jury being waived and the court having examined plaintiff's petition for divorce and having determined that the same is in due form and contains all of the allegations and information required by law and having heard the pleadings and the evidence and being of the opinion that the material allegations in such petition are supported by the evidence and are all true and that all pre-requisits of the law have been complied with and that plaintiff is entitled to the following judgment; * * *

* * * * *

"And it further appearing to the court that plaintiff and defendant have during their married life accumulated certain community property, the exact value of which is unknown and the court having inquired into the extent and nature of such community property and being of the opinion that it is just, right and equitable that said property be divided and awarded to the parties in kind;

"It is therefore further ordered, adjudged and decreed that all household furnishings, furniture, fixtures and equipment belonging to the parties and now located in and at their home at 123 Albacore, Galveston, Texas, shall be and it is hereby awarded to the plaintiff, Cecilia Nelson Maisel, as her separate property and estate subject, however, to any and all indebtedness and charges existing thereagainst, and the automobile registered in the name of the defendant, Gustave L. Maisel, Jr. and now in his possession is awarded to the said defendant, Gustave L. Maisel, Jr. as his separate property and estate subject, however, to all debts and charges as may exist thereagainst.

"And it further appearing to the court that plaintiff and defendant own as community property certain real property lying and being situate in the City and County of Galveston, State of Texas, known, designated and described as follows:

"Lot No. Eighty-Nine (89) of Lindale Park, a Subdivision in the City and County of Galveston, Texas according to plat of said Subdivision of record in Vol. 254-A page 61 in the office of the County Clerk of Galveston, Texas together with all improvements thereon, said property being otherwise known and described as 123 Albacore, Galveston, Texas.

which property has heretofore been used and occupied by the said parties as a homestead, said property being subject to certain indebtedness existing thereagainst and in which the parties, plaintiff and defendant, now have and hold as their community estate an equity in the total sum of One Thousand Five Hundred Thirty-Five Dollars and 40/100 ($1,535.40) and that it is just and right that the equity of such parties in said property be adjudged and decreed and that plaintiff be granted and allowed a homestead for herself and her four minor children.

"It is therefore further ordered, adjudged and decreed by the Court that the real property as above described be and the same is hereby set aside and awarded to the plaintiff, Cecilia Nelson Maisel to be used and enjoyed by the said plaintiff and her minor children as a homestead until she shall remarry or abandon such premises and cease to use and occupy same as a homestead or become delinquent in the payments thereon and permit such delinquency to continue for thirty (30) days after the receipt of written notice from the defendant of such delinquency, and that she shall have full and complete control of said property but with the provision that so long as she occupies and uses said property she shall pay all taxes and charges hereafter assessed against it and shall take care of all repairs reasonably necessary to it and shall pay all monthly payments hereafter becoming due on any indebtedness existing against said property and that the total equity of the parties, plaintiff and defendant, in said property of One Thousand Five Hundred Thirty-Five and 40/100 Dollars ($1,535.40) or Seven Hundred Sixty-Seven and 70/100 Dollars ($767.70) each, is hereby declared and established and that all future payments and equity created in such property from and after the date of this judgment be and is hereby declared the separate property of the plaintiff, Cecilia Nelson Maisel."

At the time the home was purchased by appellant and his wife in 1951 the cost was $9,200. Apparently $500 was spent during the marriage on improvements. The home sold for $12,500 in March, 1956.

We have concluded that the trial court erred in granting the motion of Cecilia Nelson Maisel and in rendering judgment in her favor, and also erred in not granting the motion for summary judgment filed by appellant.

We are of the view that the judgment of the court in the divorce proceeding merely set the home aside for the wife to be used and enjoyed by her and her children until such time as she should remarry or choose to live elsewhere, and that there was no divestiture of appellant's title.

In construing a judgment the entire judgment must be looked to. It must be examined from its four corners. Isolated parts cannot be taken alone. Larrison v. Walker, Tex.Civ.App., 149 S.W.2d 172, ref.; Shawver v. Masterson, Tex.Civ.App., 81 S.W.2d 236, ref.; Wyman v. Harris, Tex. Civ.App., 222 S.W.2d 297, ref. n. r e.; Adams v. Adams, Tex.Civ.App., 214 S.W. 2d 856, ref. n. r. e.; Texas Employers' Ins. Ass'n v. Ezell, Tex.Com.App., 16 S.W.2d 523.

The former wife contends that the term "equity" as used in said judgment means "the value of the property above the

total liens or charges against it." She reasons then that when the court found the "equity" of the parties to be $1,535.40, it found this to be the total value of the property above the indebtedness against it. She reasons further that when the judgment declared and established the equity of each to be $767.70, he decreed to each a value in the property of only $767.70. However, she further reasons that when the court awarded the home to her "to be used and enjoyed" by her and her minor children until she should remarry or cease to use it as a home or become delinquent in the payments on the indebtedness, and then provided she should make future payments on the indebtedness and decreed "that all future payments and equity created in such property from and after the date of this judgment is hereby declared to be the separate property of the plaintiff", that the court was awarding to her all increase in value in the property even though such profits result from the increase in the value of the property apart from any reduction in indebtedness against it resulting from her payments on the principal. She may not have put the matter precisely in this language, but such is the effect of her contention. The term "equity" is, it is true, sometimes used to mean the value of the property over and above any encumbrances against it. However, the term has no fixed legal meaning apart from the circumstances in which it is used. It may mean one thing when used under given circumstances, and mean something different when the circumstances in which it is used are different. It is a question of the intent of the parties, and, in this instance, the judge of the court rendering the judgment.

In the paragraph above we have noticed those parts of the judgment upon which the wife particularly relies. We will now notice other pertinent provisions of the judgment.

The judgment states the "exact value" of the property was unknown to the court. It then states the court inquired into the nature and extent of the property and that it was right and equitable that the property be divided and awarded to the parties in kind. Then followed an award to the wife *as a part of her separate estate* of the household furnishings, furniture, fixtures and equipment located in the home, subject to any indebtedness against them. Then the judgment awarded the husband *as a part of his separate estate* the automobile, subject to any indebtedness against it. The next paragraph of the judgment recites the community ownership of the real property that has been used as a homestead. It further recites there is an indebtedness against the property and that there was a community equity of $1,535.40 and that the parties' equity should be decreed and that the wife should be granted a homestead for herself and minor children. Then followed this language:

"It is therefore further ordered, adjudged and decreed by the Court that the real property as above described be and the same is hereby set aside and awarded to the plaintiff, Cecilia Nelson Maisel to be used and enjoyed by the said plaintiff and her minor children as a homestead until she shall remarry or abandon such premises and cease to use and occupy same as a homestead or become delinquent in the payments thereon and permit such delinquency to continue for thirty (30) days after the receipt of written notice from the defendant of such delinquency, and that she shall have full and complete control of said property but with the provision that so long as she occupies and uses said property she shall pay all taxes and charges hereafter assessed against it and shall take care of all repairs reasonably necessary to it and shall pay all monthly payments hereafter becoming due on any indebtedness existing against said property and that the total equity of the parties, plaintiff and defendant, in said property of one thousand five hundred thirty-five and 40/100 dollars ($1,535.40) or seven hundred sixty-seven and 70/100 dollars.

($767.70) each, is hereby declared and established and that all future payments and equity created in such property from and after the date of this judgment be and is hereby declared the separate property of the plaintiff, Cecilia Nelson Maisel."

An analysis of the judgment shows that the court did not know the value of the real estate. He could not, therefore, have used the term "equity" to mean its value over and above the indebtedness against it. From the briefs of both parties, we gather that the sum of $1,535.40 was determined by adding the down payment, the payments on the principal that had been made up to that date, plus $500 spent on improvements. The court, in using the term "equity", was dealing with money payments that had been made on the purchase price. Then, when we get to that part of the judgment arranging for payments on the indebtedness against the property, after the divorce, we find the court providing the wife shall make the payments and to the extent of the future payments the equity created by them shall be a part of her separate estate. The exact wording of the judgment is: " * * * all future payments and equity created in such property from and after the date of this judgment is hereby declared the separate property of plaintiff, Cecilia Nelson Maisel." Again, when the court used the term "equity" he had just been speaking of payments on the indebtedness. Too, he used the term "created." The increase in value from a favorable market is something we do not think of as being created. We think the terms "equity" and "payments" were used to mean the same thing. We think the court meant the equity created by the payments.

Too, it will be noted that in dealing with the disposition in connection with the personal property the court set certain property aside to the wife *as a part of her separate estate,* and set certain personal property aside to the husband *as a part of his separate estate.* Not so, however, as to the real estate. In the case of the home the court set it aside to the wife "to be used and enjoyed by the said plaintiff and her minor children until she shall remarry or abandon such premises and cease to use and occupy same as a homestead * * *" Nowhere in the judgment does the court set the real estate aside to the wife as a part of her separate estate. We have, therefore, concluded that the equity referred to in the judgment is the same as the payments made by the wife on the principal of the indebtedness after the divorce.

While we are confident that the above is the correct construction of the judgment, looking to it alone, there are other rules of construction which when applied lead to the same construction.

 If a judgment is susceptible of more than one construction, one of which will render it invalid and one of which will sustain it, that construction will be adopted which will uphold the judgment. Gough v. Jones, Tex.Com.App., 212 S.W. 943. To adopt the construction urged by Mrs. Maisel would be to divest title to real estate out of appellant, in violation of Article 4638, R.C.S. While community real estate may be set aside to one of the parties to be used as a home, the other party's title therein may not be divested. Tittle v. Tittle, Tex.Civ.App., 221 S.W.2d 576; Lewis v. Lewis, Tex.Civ.App., 179 S.W.2d 594; Donias v. Quintero, Tex.Civ.App., 227 S.W.2d 252.

 Mrs. Maisel urges the instant suit is a collateral attack on the judgment in the divorce suit. This suit does not seek to attack that judgment at all. It is really a suit based upon the judgment. The suit does necessarily involve a construction of the judgment, but appellant actually relies on it as written by the court.

Holding as we do that the judgment did not purport to vest title to the real estate in Mrs. Maisel, but merely found an equity measured by the $767.70 found to be her one-half of the payments made on the home by the community up to the time of the divorce, plus payments made by her on the

principal after the divorce, it becomes unnecessary for us to discuss Mrs. Maisel's contention that by accepting the benefits of the divorce judgment appellant consented to a divestiture of title, because there was no attempt to divest title. She, of course, owns an undivided one-half interest in the property, as well.

The judgment of the trial court granting the motion for summary judgment of Cecilia Nelson Maisel is reversed and rendered, denying the motion for summary judgment of appellee, Cecilia Nelson Maisel. The judgment of the trial court denying the motion for summary judgment of Gustave L. Maisel, Jr. is reversed and judgment is here rendered, granting appellant, Gustave L. Maisel, Jr.'s, motion for summary judgment as to the construction of the judgment in the divorce suit, and the case is remanded to the trial court for the purpose of determining the amount of the payments on the principal which Mrs. Maisel has made since the date of the divorce. The judgment as to Stewart Title Company is reversed and remanded because it may be required to do further work, which will entitle it to an additional amount as attorney's fees.