**Barbara J. STARKEY, Appellant,**

v.

**Paul Y. HOLOYE et al., Appellees.**

**No. 1293.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 28, 1976.

Rehearing Denied May 19, 1976.

Donald G. Ritter, Houston, for appellant.

George M. Clifton, Lew W. Harpold, Hofheinz & Harpold, Max H. Jennings, Clawson & Jennings, L. H. Lynch, Houston, for appellees.

CURTISS BROWN, Chief Justice.

This is a suit in trespass to try title and for the partition of real property.

Barbara J. Starkey (appellant) filed suit against Paul Y. Holoye, Carolyn M. Holoye, and United Mortgage Company of Texas (appellees) for title to an undivided one-half interest in certain real property, for a partition of the property or the proceeds from the sale thereof, to have certain liens on the property declared to be of no force and effect as against her interest in the property, and for the reasonable rental value of the property during the time that the Holoyes have used and occupied it. The Holoyes filed a cross-action against William J. Safford and Marian R. Safford, from whom they purchased the property, for all expenses and attorney's fees incurred by them in the defense of this suit and for the amount of any judgment that might be recovered against them. The Holoyes moved for a declaratory judgment, and Starkey moved for summary judgment. Denying Starkey's motion and granting that of the Holoyes, the trial court entered a judgment declaring that Starkey was entitled to recover from the Saffords a sum of money equal to one-half of the net market value of the property on April 13, 1961, said

amount to be determined later; that upon determination and payment of said amount the Holoyes would be entitled to recover the entire legal and equitable title to the property, subject to the lien of United Mortgage Company; that the Holoyes were entitled to recover against the Saffords all reasonable costs and expenses of the litigation; that neither partition nor sale of the property should be ordered; and that any liens on the property should not be declared to be of no force or effect as against Starkey's interest. Starkey has perfected this appeal.

Barbara J. Starkey is the former wife of William J. Safford. During the time that these parties were married, they acquired the real property in question as community property. They were divorced in 1961. The divorce decree stated, in pertinent part:

> "Barbara J. Safford and William Joseph Safford are found to own in community between them as of April 13, 1961, the house and lot located at 3510 Durhill Street, Houston, Texas with furniture and furnishings located therein, and no partitioning of same is hereby made, but based on the findings of facts herein made by both the Court and the Jury, the Court finds that except as is hereinafter specifically set out, said house and its furniture and furnishings should be set aside as a home for the minor children of the Parties hereto; and it is accordingly therefore Ordered, Adjudged and Decreed that the house or home, furniture and the furnishings belonging to the Parties hereto and located at 3510 Durhill Street in Houston, Texas (save and except as to a piano, a stamp collection of the value found to be $400.00, personal clothing of Barbara J. Safford, and other small personal effects of hers) are hereby set aside and awarded to William Joseph Safford and the minor children of the Parties hereto for their use and benefit and as their home, until the youngest of said children shall have reached the age of eighteen (18) years, during all of which time Defendant and Cross-Plaintiff, William Joseph Safford, shall have the use, income and benefits of same, and the Plaintiff and Cross-Defendant, Barbara J. Safford, shall not during such time have any right to any of the use, income and benefits thereof, nor shall she have the right during said time of entering same for any purposes whatsoever.

> \* \* \* \* \* \*

> "With reference to the community property referred to in Paragraph V hereinabove, all future payments and equity created in such property from and after April 13, 1961 by payments made thereon by William Joseph Safford is hereby declared the separate property of the said William Joseph Safford."

Subsequent to the divorce, William J. Safford married his present wife, Marian. The youngest of the Safford children referred to in the divorce decree reached eighteen in 1971. On December 21, 1973, the Saffords purported to convey the entire property to the Holoyes by a general warranty deed, which was subject to a vendor's lien assigned to United Mortgage Company.

The question for decision here is whether the above divorce decree gave William J. Safford an undivided one-half interest in the property with a right of reimbursement for any payments made on the property after April 13, 1961, or whether *all* increase in the value of the property after that date was to accrue to him. The trial court took the latter view, thereby confining Barbara J. Starkey's interest to one-half of the net market value of the property on April 13, 1961. We disagree.

In the case of *Maisel v. Maisel,* 312 S.W.2d 679 (Tex.Civ.App.—Houston 1958, no writ), the court was required to construe a substantially similar provision. In that case the divorce decree set aside certain real property for the use and enjoyment of the wife and children until she remarried or they ceased to use the property as a homestead, and recited that

> "all future payments and equity created in such property from and after the date of this judgment be and is hereby declared the separate property of the plaintiff. . . . " *Id.* at 682.

After struggling to discern the intent of the parties and the judge, the court concluded that "the terms 'equity' and 'payments' were used to mean the same thing. We think the court meant the equity created by the payments." *Id.* at 684.

In the instant case the parties' intent is apparent on the face of the decree, for the provision in question reads "all future payments and equity created . . . *by payments made thereon* . . ." (emphasis added). It was therefore error for the trial court to hold that all increase in the value of the property after April 13, 1961 accrued to William J. Safford. Only the increase created by the payments—i. e., the aggregate amount of his payments—accrued to him. Cf. *Leach v. Meyer,* 284 S.W.2d 164 (Tex.Civ.App.—Austin 1955, no writ).

Since the property was not partitioned at the time of the divorce, William J. Safford and appellant became tenants in common or joint owners thereof, each owning an undivided one-half interest. *Busby v. Busby,* 457 S.W.2d 551 (Tex.Sup.1970). With a deed on record showing the owners of the property to be William J. Safford and Barbara Safford, the Holoyes could not have purchased from William J. Safford and Marian Safford any greater interest in the property than was owned by William J. Safford: an undivided one-half interest. Upon their purchase of William J. Safford's interest, the Holoyes became tenants in common with appellant. Appellant presently owns an undivided one-half interest, subject to a claim by William J. Safford for reimbursement for any payments made on the property after April 13, 1961. Since she is still a joint owner of the property, and absent any agreement not to partition, appellant's right to partition is absolute under Tex.Rev.Civ.Stat.Ann. art. 6082 (1970). *Moseley v. Hearrell,* 141 Tex. 280, 171 S.W.2d 337 (1943); *Spires v. Hoover,* 466 S.W.2d 344 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.).

Further, the Holoyes could not mortgage more of the property than they owned. *Winters v. Slover,* 151 Tex. 485, 251 S.W.2d 726 (1952). Therefore, they could not mortgage appellant's interest, and the lien asserted by United Mortgage Company is ineffective as to appellant's one-half interest.

By way of a motion to dismiss, appellees argue that the judgment rendered by the trial court was not a final, appealable order. They contend that the judgment did not dispose of all parties and issues because there remained for final determination the net market value of the property in question on April 13, 1961. The following rule has been adopted in Texas:

"However, the finality of a judgment that settles the rights controverted by the parties is not affected by the fact that further proceedings may be required to carry it into full effect, even though such proceedings may be expressly provided for, if they are merely incidental to the proper execution of the judgment." *Dunn v. Dunn,* 439 S.W.2d 830, 833 (Tex. Sup.1969).

Accord, *Ferguson v. Ferguson,* 161 Tex. 184, 338 S.W.2d 945, 947 (1960); *Hargrove v. Insurance Inv. Corp.,* 142 Tex. 111, 176 S.W.2d 744 (1944). See also Annot., 3 A.L. R.2d 342 (1949). In the instant case the trial court's judgment definitely settled the rights and equities of the parties; therefore it was a final judgment for appeal purposes.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.