NOS.
12-06-00309-CR

         
12-06-00310-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE
OF TEXAS,    §                      APPEAL FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW #3

 

ROBERT DARRELL GREENLEE,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                     
                                                                                      

MEMORANDUM
OPINION

            The
State of Texas appeals the trial court’s orders setting aside the informations
against Appellee Robert Darrell Greenlee. 
In four issues, the State argues that the trial court’s orders
constitute an abuse of discretion. We reverse and remand.

 

Background

            On June 25, 2005, Appellee was
arrested for possession of less than twenty-eight grams of a penalty group
three controlled substance and for failure to identify himself to a peace
officer, both misdemeanor offenses.[1] 
Appellee was also arrested on that date for possession of less than one
gram of a penalty group one controlled substance and burglary of a building,
both felony offenses.[2] 
The misdemeanor offenses are the subject of this appeal; however, the
felony offenses provide additional background for our analysis.

            Appellee was subsequently indicted
for both felony offenses.  Following
separate jury trials, he was convicted of both offenses and sentenced to twenty
years of imprisonment for each.  In
addition, Appellee was fined $10,000 for the controlled substance offense and
$5,000 for the burglary offense.  The
sentences were ordered to run consecutively.

            On July 28, 2005, the State charged
Appellee by information with the failure to identify offense.  On August 8, 2005, the State charged him by
information with the misdemeanor possession offense.  On January 26, 2006, the trial court
appointed counsel for Appellee in both cases.

            The trial court arraigned Appellee
on both misdemeanor charges on February 2, 2006, at which time Appellee pleaded
not guilty.  Trial was set for February
22, 2006.  On the date of trial, Appellee
appeared and sought a continuance. 
Appellee asserted that he needed additional time to procure a reporter’s
record of the testimony in his felony trials. 
He asserted that this testimony was vital to his preparation for the
trial of his misdemeanor charges.  The
trial court granted Appellee’s motion for a continuance and reset the trial for
July 11, 2006.  

            On June 9, 2006, Appellee filed a
motion for speedy trial in both cases, alleging that “[Appellee] will be
prejudiced should trial not be held on or before July 26, 2006.”  The motions were based on his right to a
speedy trial as provided by the Sixth and Fourteenth Amendments to the United
States Constitution; Article I, Section 10 of the Texas Constitution; and
Articles 1.03 and 1.05 of the Texas Code of Criminal Procedure.[3]  Appellee alleged that he would be prejudiced “for
the reason that the pendancy [sic] of these charges can affect his ability to
make parole [regarding his felony convictions] and [that] further delays will
hinder his ability to assist counsel with his defense due to the passage of
time.”  The motions ended with the plea
that “trial in this case be scheduled before July 26, 2006.”  The trial court took no action on the
motions.

             Due to a “scheduling conflict,” the trial
court, on its own motion, reset the trial to July 18, 2006.  The trial date was again reset, on the trial
court’s own motion, and due to a “scheduling conflict,” to July 26, 2006.  According to Appellee’s speedy trial motions,
July 26 was the last acceptable date he could be tried before unconstitutional
prejudice would result.  Nonetheless, the
trial date was rescheduled again for August 2, 2006.  This time, the rescheduling was “due to
defense counsel’s attending the Advanced Criminal Law Course in Dallas, Texas.”

            On August 2, counsel for Appellee
filed a motion to set aside the information, with prejudice, in each case.  The motions alleged that Appellee’s right to
a speedy trial had been violated.  In
addition to the constitutional and statutory bases listed in his previous
speedy trial motions, Appellee also based this complaint on Article 1.04 of the
Texas Code of Criminal Procedure.[4] 
The motions stated that “[t]here are no satisfactory reasons for the
delay in bringing . . . [Appellee] to trial.” 
The motions also stated that “[Appellee] has been substantially
prejudiced because of the failure of the State to afford a speedy trial, in that
. . . [Appellee] has suffered oppressive pretrial incarceration and substantial
anxiety and concern.”

            Following a hearing, at which the
State opposed the motions, the trial court signed a written order in each case
setting aside the informations, with prejudice.[5]  The State promptly filed a notice of
appeal.  In response, Appellee submitted
proposed findings of fact and conclusions of law, which were signed by the trial
court.

            At the time of the hearing to set
aside the informations, Appellee had not been provided with the reporter’s
records from his felony trials.

 

Speedy Trial

            In its third and fourth issues, the
State argues that the trial court improperly weighed the factors relevant to
speedy trial challenges.

Standard
of Review

            The Sixth Amendment to the United
States Constitution guarantees that “[i]n all criminal prosecutions, the
accused shall enjoy the right to a speedy and public trial.” U.S. Const. amend. VI.  This right is applicable to state criminal
prosecutions through the Fourteenth Amendment to the United States
Constitution.  See Klopfer v. North
Carolina, 386 U.S. 213, 222-23, 87 S. Ct. 988, 993, 18 L. Ed. 2d 1
(1967).  Likewise, Article I, Section 10
of the Texas Constitution guarantees that “[i]n all criminal prosecutions[,]
the accused shall have a speedy public trial.” Tex. Const. art. I, § 10.  In addition, Article 1.05 of the Texas Code
of Criminal Procedure contains language identical to that of the Texas
Constitution. Tex. Code Crim. Proc. Ann.
art. 1.05.  

            The essential ingredient of the
Sixth Amendment’s speedy trial guarantee is “orderly expedition and not mere
speed.”  United States v. Marion,
404 U.S. 307, 313, 92 S. Ct. 455, 459, 30 L. Ed. 2d 468 (1971).  Since 1972, United States Supreme Court
precedent has required courts to analyze federal constitutional speedy trial
claims “on an ad hoc basis” by weighing and then balancing four factors: (1)
length of the delay, (2) reason for the delay, (3) assertion of the right, and
(4) prejudice to the accused.  Barker v. Wingo, 407 U.S. 514, 530, 92
S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). 
This balancing test requires weighing case by case “the conduct of both
the prosecution and the defendant.”  Id.  No single factor is a “necessary or sufficient
condition to the finding” of a speedy trial violation.  Id., 407 U.S. at 533, 92 S. Ct.
at 2193.  The related factors “must be
considered together with such other circumstances as may be relevant.”  Id.  We interpret the language of Article I,
Section 10 of the Texas Constitution and Article 1.05 of the Texas Code of
Criminal Procedure as providing the same speedy trial guarantee as that of the
Sixth Amendment.[6] Hull v. State, 699 S.W.2d 220, 221
(Tex. Crim. App. 1985).  Therefore, while
the Texas Constitution and Code of Criminal Procedure each provide an
independent speedy trial guarantee, they are analyzed using the same standard
of review applied to federal speedy trial claims.  Sanders v. State, 978 S.W.2d
597, 601 (Tex. App.–Tyler 1997, pet. ref’d).








            In reviewing the trial court’s
decision on a speedy trial claim, we apply a bifurcated standard of
review.  See State v. Munoz,
991 S.W.2d 818, 821 (Tex. Crim. App. 1999). 
We review factual issues under an abuse of discretion standard and
review legal issues de novo.  Id.  Here, because the record contains written
findings of fact and conclusions of law entered by the trial court following a
hearing, but does not contain the applicable reporter’s record from that
hearing, we must defer to the trial court and accept its findings of fact as
true.  See Fielder v. State,
683 S.W.2d 565, 569 (Tex. App.–Fort Worth 1985), rev’d on other grounds,
756 S.W.2d 309 (Tex. Crim. App. 1988) (refusing to review the trial court’s
findings of fact where no reporter’s record was contained in the appellate
record); see also Rowell v. State, 66 S.W.3d 279, 281-83 (Tex.
Crim. App. 2001) (noting that appellate courts should not draw either positive
or negative inferences about missing portions of the record).  However, because written findings of fact and
conclusions of law are before us, we may still review the trial court’s
application of the law to the facts found by the trial court, despite the lack
of a reporter’s record.  See Gleffe
v. State, 509 S.W.2d 323, 326 (Tex. Crim. App. 1974) (conducting such a
review).  

            Where we are presented with evidence
in the record before us that is relevant to a written finding of fact, we
review that finding of fact under an abuse of discretion standard.  See Munoz, 991 S.W.2d at
821.  Where written findings of fact are
ambiguous, they will be resolved based upon evidence in the record before
us.  Compare Shawver v. Masterson,
81 S.W.2d 236, 239 (Tex. Civ. App.–Eastland 1935, writ ref’d) (civil law case
construing an ambiguous judgment based upon written findings of fact in the
record), with State v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim.
App. 2006) (looking to civil law to provide guidance about the time to file
requested findings of fact and conclusions of law in criminal cases).  When a trial court makes findings of fact,
but inadvertently omits an essential element of a ground, we presume that the
trial court found the omitted element. See Vickery v. Comm’n
for Lawyer Discipline, 5 S.W.3d 241, 252 (Tex. App.–Houston [14th
Dist.] 1999, pet. denied); see also Cullen, 195 S.W.3d at 699
(supporting the proposition that civil law may be referred to for guidance
regarding the issue of written findings of fact).  However, if the record demonstrates that the
trial court deliberately omitted the element, the presumption is refuted and
the element cannot logically be supplied by implication.  See Vickery, 5 S.W.3d at 252; see
also Cullen, 195 S.W.3d at 699. 
In our review here, we will accept the historical facts found by the
trial court as true and, for simplicity, refer to these facts without direct
reference to the trial court’s written findings, unless such a reference is
necessary.

Discussion

            The State argues that the trial
court improperly weighed the factors relevant to speedy trial challenges.  We now review the trial court’s legal
analysis to determine if it conducted a proper weighing.








            Length of Delay           

            We begin our four factor analysis by
addressing the length of the delay.  Barker,
407 U.S. at 530, 92 S. Ct. at 2192. 
According to the United States Supreme Court, “[u]ntil there is some
delay which is presumptively prejudicial, there is no necessity for inquiry
into the other factors that go into the balance.”  Id.  The term “presumptively prejudicial,” as used
here, “does not necessarily indicate a statistical probability of prejudice; it
simply marks the point at which courts deem the delay unreasonable enough to
trigger [further review].”  Doggett
v. United States, 505 U.S. 647, 652 n.1, 112 S. Ct. 2686, 2691 n.1, 120
L. Ed. 2d 520 (1992).  The period of
delay “is measured from the time the defendant is arrested or formally accused.”
 Shaw v. State, 117 S.W.3d
883, 889 (Tex. Crim. App. 2003). 

            From the time of his arrest until
his first trial setting, Appellee remained in custody at the county jail, a
period of approximately eight months.  At
his appearance for his first trial setting, Appellee was released on personal
recognizance bond and transferred to a state correctional facility to begin
serving his sentences for his felony convictions.  Therefore, Appellee was still in state
custody at the time of his motions to set aside the informations.  By the time of the trial court’s orders
setting aside the informations, Appellee had been in custody for approximately
thirteen and a half months.  The State
concedes this lapse of time was sufficient to establish a delay that was
presumptively prejudicial.  Therefore,
we will assume, without deciding, that the thirteen and a half month delay here
was presumptively prejudicial.  See Harris
v. State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (also making such
an assumption).  Accordingly, we must
determine what weight, if any, should be assigned to the delay factor and then
proceed to the remaining factors.  See
Barker, 407 U.S. at 530, 92 S. Ct. at 2192.

            A thirteen and a half month delay is
certainly not a short period of time. 
However, when considering the length of delay only, thirteen months is
not nearly as long as the delay in other cases in which the courts, after
analyzing all the factors, have found no violation of the speedy trial
requirement. See, e.g., Barker, 407 U.S. at 533-36,
92 S. Ct. at 2193-95 (five years); Dragoo v. State, 96 S.W.3d
308, 316 (Tex. Crim. App. 2003) (three and a half years); Shaw,
117 S.W.3d at 891 (three years). 
Consequently, we do not believe this thirteen and a half month period is
such a long time that it should be accorded more than a slight weight against
the State.








            Reason for Delay

            Second, we must consider the reason
or reasons the State assigns to justify the delay.  Barker, 407 U.S. at 531, 92 S. Ct. at
2192.  A “deliberate attempt to delay the
trial” should be weighed heavily against the government.  Id.  A “more neutral reason such as negligence or
overcrowded courts should be weighed [against the government] less heavily.”  Id.  A valid reason for the delay should not be
weighed against the government at all.  Id.  And delay that is attributable in whole or in
part to the defendant may even constitute a waiver of a speedy trial claim.  Id., 407 U.S. at 528-30, 92 S. Ct. at
2191-92.  

            The trial court found that seven
days within the period of delay could be attributed to Appellee.  Therefore, Appellee bears at least some
responsibility for these seven days that resulted from the final continuance of
the case and flowed from Appellee’s counsel’s wish to attend a seminar.  It was because of this delay that the trial
setting was rescheduled to a date considered unacceptable to Appellee.  Therefore, we must weigh the reason for this
delay against Appellee.

            The trial court found that the State
offered no reason to explain the remaining period of delay.  No reason was given for Appellee’s inability
to procure the reporter’s records from his felony cases in a more timely
manner.  While it appears from the trial
court’s findings of fact that the trial court found a reason for some of the
delay, “scheduling conflicts,” we cannot tell from the record which party had a
“scheduling conflict.”  The burden of
excusing delay rests with the State, and, in light of the trial court’s
findings of fact, we must presume that no valid reason existed for all but
seven days of the delay.  See Turner
v. State, 545 S.W.2d 133, 137-38 (Tex. Crim. App. 1976).  Thus, this factor weighs against the
State.  However, absent evidence of
intent, we will not weigh the reason for delay factor as heavily as we would if
there were evidence of intentional conduct on the State’s part.  See Barker, 407 U.S. at 531,
92 S. Ct. at 2192.

            Assertion of Right        








            Next, we must consider the
timeliness of Appellee’s assertion of his right to a speedy trial. Id.,
407 U.S. at 531-32, 92 S. Ct. 2192-93. 
Although a defendant’s failure to assert his speedy trial right does not
always amount to a waiver of that right, “failure to assert the right . . .
make[s] it difficult for a defendant to prove he was denied a speedy trial.”  Dragoo, 96 S.W.3d at 314.  This is so because a defendant’s lack of a
timely demand for a speedy trial indicates strongly that he did not really want
a speedy trial, and that he was not prejudiced by the lack of one.  Id.  Furthermore, the longer the delay becomes,
the more likely a defendant who wanted a speedy trial would be to take some
action to obtain it.  Id.  Thus, inaction weighs more heavily against a
violation the longer the delay becomes. 
Id.

            Appellee did not assert his right to
a speedy trial until June 9, 2006, almost one year after being arrested and
taken into custody.  Even after filing
his motions for a speedy trial, Appellee made no objection to the trial court’s
resetting his cases for trial.  Finally,
the last resetting of his cases was not only made without objection by
Appellee, but was also made for the benefit of Appellee’s counsel.  In view of Appellee’s lengthy delay in filing
his motions for speedy trial, which was followed by three unobjected to
continuances, we conclude that this factor weighs heavily against Appellee.  See id. at 315.

            Prejudice

            Fourth, we must consider whether
there is prejudice to Appellee attributable to the delay. Barker,
407 U.S. at 532, 92 S. Ct. at 2193.  “Prejudice
. . . should be assessed in the light of the interests of defendants which the
speedy trial right was designed to protect.”  Id.  There are three such interests: “(i) to
prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern
of the accused; and (iii) to limit the possibility that the defense will be
impaired.”  Id.  Of these three interests, the last is the
most important “because the inability of a defendant adequately to prepare his
case skews the fairness of the entire system.”  Id.

            The trial court found that

 

[Appellee] was prejudiced due to pretrial
incarceration, anxiety and concern on the part of [Appellee] and the fact that
his ability to try the case was hampered by the absence of the reporter’s
record [that he had requested from his felony trials] to which he is entitled
to in order to effectively cross-examine the [officers] involved in his arrest
who testified previously in the felony trial.

 

 

There is no
evidence that Appellee would not have been justifiably incarcerated the entire
time regardless of his misdemeanor charges. 
Appellee was arrested on the same date for two felony charges and had
been convicted of those charges before the date that the trial court set aside
the two misdemeanor informations.  Therefore,
Appellee suffered little, if any, unconstitutional prejudice from his
incarceration.  








            As to Appellee’s anxiety and
concern, Appellee waited one year to file his speedy trial motions and made no
objection to three continuances after making his motions.  Of these continuances, one was specifically
found by the trial court to have resulted from Appellee’s counsel’s wish to
attend a seminar.  We afford Appellee’s
anxiety and concern little weight.

            Regarding the sought after felony
trial reporter’s records, the court reporter’s delay in producing these records
for Appellee may very well account for Appellee’s delay in requesting and
enforcing his speedy trial right. 
Further, the longer Appellee was forced to wait for a reporter’s record,
the more likely it could have been that the officers whom he sought to cross
examine would suffer from fading memory. 
Because this could have been implied in the trial court’s finding of
fact, we will assume, arguendo, that the trial court made a finding that these
officers’ memories would have faded to some degree.  Therefore, we must weigh the factor of prejudice
against the State.

            Balancing of the Factors

            Finally, we must consider the above
factors in the aggregate, along with any other relevant circumstances shown
from the record. Id., 407 U.S. at 533, 92 S. Ct. at 2193.  To do this, we should first evaluate the
strength of each of the four factors and then balance the respective strengths
of those factors against the relative weights of the remaining factors “in
light of the conduct of both the prosecution and the defendant.”  Zamorano v. State, 84 S.W.3d
643, 648 (Tex. Crim. App. 2002).     Comparing the facts in the case at hand to
United States Supreme Court case law, it is reasonable to conclude that the
State did not violate Appellee’s right to a speedy trial.  See, e.g., Barker,
407 U.S. at 533-37, 92 S. Ct. at 2193-95 (no speedy trial violation where delay
exceeded five years with more than four years of the delay unexcused).  Here, Appellee waited almost one year before
moving for a speedy trial.  Even after
this assertion, Appellee did not object to three continuances.  We note that Appellee placed some importance
on the unsupplied felony reporter’s records. 
Nonetheless, there has been no finding by the trial court that a less
than neutral reason accounted for the delay in procurement of these records.  Under these facts, we are not persuaded that
Appellee’s right to a speedy trial was violated.  Therefore, we hold that the trial court
erroneously applied the law to the facts by holding that such a violation had
occurred.  We sustain the State’s third
and fourth issues.  Because these issues
are dispositive, we do not address the State’s first and second issues. See Tex. R. App. P. 47.1.

 

Disposition

            Having found no violation of
Appellee’s right to a speedy trial, we reverse the trial court’s orders setting
aside Appellee’s misdemeanor informations and remand this case to the trial
court for further proceedings consistent with this opinion.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered August 31,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex. Health &
Safety Code Ann. § 481.117 (Vernon 2003) (possession); Tex. Penal Code Ann. § 38.02
(Vernon Supp. 2006) (failure to identify).





[2] See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003) (possession); Tex. Penal Code Ann. § 30.02
(Vernon 2003) (burglary).





[3] See U.S. Const. amends.
VI, XIV; Tex. Const. art. I,
§ 10; Tex. Code Crim. Proc. Ann. arts.
1.03, 1.05 (Vernon 2005).





[4] See Tex. Code Crim.
Proc. Ann. art. 1.04 (Vernon 2005).





[5] The fact that a hearing occurred is discernible from the trial court’s
written findings of fact and conclusions of law.  For example, conclusion of law number 7
reads, “[T]he State offered no evidence to show that no prejudice resulted.”  From these written findings and conclusions,
it is also discernible that the State opposed the motion.





[6] We note that Appellee relied on two other provisions of the code of
criminal procedure, articles 1.03 and 1.04. 
However, because these provisions do not provide a right to a speedy
trial, and because the appealed order in question was based on the right to a
speedy trial, we decline to review their applicability here. See
Tex. Code Crim. Proc. Ann. arts.
1.03, 1.04.