Francis M. MANSFIELD, Appellant,

v.

Bertha B. MANSFIELD, Appellee.

No. 5246.

Court of Civil Appeals of Texas.

El Paso.

Dec. 4, 1957.

Rehearing Denied Jan. 8, 1958.

H. O. Metcalfe, Wm. H. Earney, Marfa, for appellant.

W. A. Hadden, Sr., Ft. Stockton, for appellee.

FRASER, Justice.

Appellee, who was plaintiff below, brought suit in the District Court of Pecos County, Texas, for divorce and for partition of properties, and further asked that a deed dated January 23, 1937, from plaintiff and defendant to defendant, conveying ranch lands situated in Pecos and Brewster counties be set aside and declared a void deed, and the ranch lands described therein be designated as the separate property of plaintiff.

The trial court granted the relief asked for by plaintiff and in its judgment undertook to dispose of the community property. There are no Findings of Fact in the record before us.

■ Appellant-defendant complains that plaintiff did not establish her residence in Pecos County. We find no merit in this point and, without detailing the testimony, it will be sufficient to say that it is clear that plaintiff had lived on the ranch in Pecos County for the necessary period of time. Defendant's only attack consisted of proof of payment of poll taxes in Terrell County. We therefore hold that the evidence was sufficient to establish the necessary residence giving the court jurisdiction, and this point is accordingly overruled.

■ Defendant next complains that there was not sufficient evidence to justify the trial court in granting the divorce. We have examined this evidence carefully, and while it is certainly not overwhelming, it appears sufficient to warrant the trial court's decision. It is, of course, without dispute that in a case of this type, every presumption must be indulged in favor of the judgment. The trial court was in a position to evaluate the testimony and had the parties before him. We therefore do not find the testimony sufficiently lacking in probative effect to warrant our disturbing the decision of the trial court that the plaintiff had entitled herself to a divorce. It should be noted here that defendant stated before and at the trial itself that he had no desire and no intention to contest the divorce itself, but evidenced a desire to contest only plaintiff's property demands. This point is therefore overruled.

■ Appellant's third point complains that the court erred in its determination that the deed of January 23, 1937 was void, and in decreeing such lands to be the separate property of the plaintiff. The record reveals that this deed was executed by plaintiff and defendant, to defendant, while they were man and wife. It purported to convey property that had been, without question, the separate property of plaintiff, she having inherited it from a former husband. The consideration in the deed was described as reconciliation and withdrawal of a suit for divorce, among other things. This property having been the separate property of plaintiff, we think there can be no doubt that this was an illegal deed, inasmuch as it was a conveyance by a man and wife to the man himself; nor do we find any merit in defendant's claim that it could and did operate as a contract to convey. This point is therefore overruled.

■ Appellant's fourth point is based on the action of the trial court in partitioning the property in Sanderson, Terrell County, Texas, and awarding three of the Sanderson lots to defendant and two of said lots to plaintiff. Defendant takes the position that such action by the trial court is in violation of Article 4638, Vernon's Ann.Civ.St., in that it compels a party to divest himself of the title to real estate. The trial court found that these lots were community property. The lots awarded to defendant were shown to be revenue-bearing property, such as apartments, and were renting for $100 per month. We hold that this action of the trial court was not in violation of Art. 4638, but merely consisted of partitioning the community property. It is elementary that the court is vested with considerable discretion in matters of this kind, and we do not find that the court abused his discretion in the manner of the division of the property which he found to be community property. We think the court had the power to divide these lots as he did. We quote from Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, and, although this statement is not decisive of the case, it certainly indicates the feeling of the Supreme Court. At page 1004 of 234 S.W.2d Justice Hickman says:

"Should the judgment be reversed and the cause remanded to the trial court it would become its mandatory duty to divide the estate of the parties. Article 4638 R.S.,1925. If upon another trial it should be adjudged that

the property is community property, the court, for instance, might deem it just and right to award one of these lots to one party and the other two lots to the other party. Clearly, the court would have the authority to do so under the article of the statutes above mentioned by making provision for adjudicating equities."

Also, in Walker v. Walker, Tex.Civ.App., 231 S.W.2d 905, 907, the court quotes with approval from Puckett v. Puckett, Tex.Civ. App., 205 S.W.2d 124, as follows:

"In partitioning the community estate, either in kind or by a sale and partition of the proceeds, there is no divesting of title to such real estate within the meaning of the above statute; it is purely a division of realty as between those who have title thereto."

Also cited is Houston Oil Co. of Texas v. Kirkindall, 136 Tex. 103, 145 S.W.2d 1074. We think the trial court here was doing just that; in other words, dividing real estate to which both parties had title; and this point is accordingly overruled.

■ Appellant next complains that the court erred in failing to make any allowance to the defendant for sums expended by him for improvements on the ranch lands set over to plaintiff as her separate property. We have examined the record with regard to this feature of the controversy, and do not find merit in this point. Defendant sets up no itemized accounts or amounts, and was apparently unable to more than guess at the amounts of any money he had put into the ranch. At the same time, plaintiff testified that defendant had received one-half of the rent money from the said lands for the past ten years, and had never paid any money for the lease or use of the said ranch lands in the past ten years. It is apparent that the court, taking into consideration all the facts, found that the de-

fendant had not proved himself entitled to any compensation for alleged improvements to the ranch lands. Based on the record, that he had used the ranch lands and had received half of the rentals, we find no fault with the court's disposition of this point, and believe that he was well within his discretion in finding as he did. This point is accordingly overruled.

■ Appellant's sixth point complains of the amount allowed for attorneys' fees. The amount allowed was $500.00. We think the record itself more than justifies the court in fixing this amount, and overrule the point.

■ In Point No. 7, appellant complains that the court's judgment was void because it was not a definite and positive disposition of a litigated fact, but was a conditional judgment. The part of the judgment complained of deals with the livestock and, without setting it forth, it merely states that there is a mortgage due and that the stock be sold and the mortgage on the livestock paid off and the money divided between the parties. According to this record, this has already been done by the defendant, and he now complains that the judgment was not definite. We think this matter is moot, aside from a discussion of the merits; but, in any event, we find no fault with the court's judgment, and the point is overruled.

■ In Point 8 defendant again complains that the court did not make a fair and equitable partition and division of the property. Again let us say that we have examined this record carefully, and find that the court did not abuse its discretion in dividing the community property. Defendant was given the apartment house and lots in Sanderson, and plaintiff received two nonrevenue bearing lots. The livestock was to be sold and the profits, if any, were to be divided equally, and the division of the personal property itself seems to have been done with fairness

to both sides. This point is accordingly overruled.

Finding no error in the action of the trial court, all of the appellant's points are overruled, and the decision of the trial court affirmed.