# RAY HAILEY V. FRANCES HAILEY.

No. A-7340. Decided January 13, 1960.
Rehearing overruled February 17, 1960.
(331 S.W. 2d Series 299)

*Hackney & Crawford* and *H. B. Virgil Crawford,* of Brownfield, for petitioner.

The Court of Civil Appeals erred in holding that the action of the trial court in awarding one parcel of community realty to petitioner and another parcel of community realty to the respondent under the facts and circumstances of the case at bar, amounted to a divesting of title out of the parties as contemplated by Article 4638 of the Revised Civil Statutes of Texas. Carle v. Carle, Texas Civil Appeals, 234 S.W. 2d 907, and Supreme Court, 149 Texas 469, 234 S.W. 2d 1002; Mansfield v. Mansfield, 308 S.W. 2d 80; Walker v. Walker, 231 S.W. 2d 905.

*Calloway Huffaker* and *Harold Green,* of Tahoka, for respondent.

In response to petitioner point of error cited: Lewis v. Lewis, 179 S.W. 2d 594; Swanson v. Swanson, 229 S.W. 2d 843; Ex parte Scott, 133 Texas 1, 123 S.W. 2d 306.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit brought in the District Court of Terry County, Texas, by Ray Hailey, as plaintiff, against Frances Hailey, as defendant, for a divorce, for division of the parties' community property and for custody of the minor daughter, aged 4. The parties will be designated as they were in the trial court. Defendant filed a cross-action against plaintiff for divorce, for division of the community property and for custody of the minor child. The trial court, without a jury, at the end of the trial entered judgment for plaintiff on his petition for divorce

and denied defendant a divorce on her cross-action. The court awarded custody of the minor child to plaintiff and divided the community property, awarding Lot 16, Block 22, original town of Brownfield, Texas, to plaintiff, and Lot 5, Block 2, Colonial Heights Addition to the City of Brownfield, Texas, to defendant. Defendant appealed from that judgment in toto.

The Court of Civil Appeals affirmed the judgment of the trial court granting plaintiff a divorce, awarding custody of the minor child to plaintiff, and the court's devision of the community property between the parties, but held it was error in violation of Art. 4638, Vernon's Annotated Texas Civil Statutes, to divide the estate so as to award one lot to each party. The Court of Civil Appeals reversed that part of the judgment of the trial court segregating the title and rendered judgment that the title of the property is not divested out of either party. 322 S.W. 2d 575. Both parties applied for a writ of error to this Court and both applications were granted.

1   Under the provision of Art. 1821, Vernon's Annotated Texas Civil Statutes, the judgment of the Court of Civil Appeals is final in divorce suits, and this Court would have no jurisdiction except there be a conflict of decisions or disagreement of the judges of the Courts of Civil Appeals on questions of law material to the decision. Such conflict of decisions is the ground urged by plaintiff to give this Court jurisdiction, and this Court determines that there is a conflict between the case at bar and the decisions in Carle v. Carle, 1951, 149 Texas 469, 234 S.W. 2d 1002, and Puckett v. Puckett, Texas Civ. App., 1947, 205 S.W. 2d 124, no writ history, by the Texarkana Court of Civil Appeals, and, therefore, this Court has jurisdiction to decide this cause. Art. 1728, Vernon's Annotated Texas Civil States.

The cases as to whether or not a court in a divorce cause may divide the community property so as to set aside to one party a particular piece of property to the exclusion of the other are in hopeless conflict and confusion. Plaintiff relies on the cases of Fitts v. Fitts (1855) 14 Texas 443; Carle v. Carle, Texas Civ. App., 1950, 234 S.W. 2d 907, [Supreme Court] 149 Texas 469, 234 S.W. 2d 1002; Young v. Young, 1893, 23 S.W. 83, no writ history; Puckett v. Puckett, supra; Walker v. Walker, Texas Civ. App., 1950, 231 S.W. 2d 905, no writ history; Mansfield v. Mansfield, Texas Civ. App., 1957, 308 S.W. 2d 80, wr. dism., w.o.j. to sustain the trial court's action in dividing the community lots.

The defendant and the Court of Civil Appeals rely on Tiemann v. Tiemann, (1871) 34 Texas 522; Lewis v. Lewis, Texas Civ. App., 1944, 179 S.W. 2d 594, no writ history; Donias v. Quintero, Texas Civ. App., 1949, 227 S.W. 2d 252; Swanson v. Swanson, Texas Civ. App., 1949, 229 S.W. 2d 843, no writ history; and Maisel v. Maisel, Texas Civ. App., 1958, 312 S.W. 2d 679, and numerous other cases with similar holdings to sustain the Court of Civil Appeals. Any attempt to distinquish or reconcile the above cases would be a waste of time, make this opinion too long, and add nothing of value so we will not undertake that task.

Art. 4638, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

In construing this Article, this Court, in the case of Ex Parte Scott, (1939), 133 Texas 1, 123 S.W., 2d 306, 313, said:

"By the provisions of Article 4638, R.C.S., 1925, the court pronouncing the decree of divorce has jurisdiction, in the divorce action, to decree a division of the estate of the parties in such a way as the court may deem just and right, having due regard for the rights of each party and their children, if any. This statute does not allow the divorce court to compel either party to the divorce action to divest himself or herself of the title to realty. As we construe it, Article 4638, supra, is mandatory in its provisions, and, under its terms, the District Court of Dallas County as between this husband and this wife, must decree a division of the property. Also, under this statute the division of the property does not have to be equal. The court can be controlled by what the facts may lead him to believe is just and right. * * *"

**2,3** The case of Mansfield v. Mansfield, supra, upheld a trial court's judgment in a divorce action dividing community lots between the parties. The El Paso Court approved the following holding from Puckett v. Puckett, Texas Civ. App., 1947, 205 S.W. 2d 124, no writ history, as follows: "* * * In partitioning the community estate, either in kind or by a sale and partition

of the proceeds, there is no divesting of title to such real estate within the meaning of the above statute; [Article 4638] it is purely a division of realty as between those who have title thereto. * * *" The trial court is required, under Art. 4638, to decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing therein shall be construed to compel either party to divest himself or herself of the title to real estate. In other words, the statute puts the duty on the trial court to make a partition of the community property whenever the pleadings of either party show the existence of such property. The trial court shall consider all the facts and circumstances shown by the evidence and then partition the community property, both personal and real estate, in such manner as may be just and right. The trial court's discretion in so partitioning the property is subject to review by the appellate courts. The trial court has the duty to determine if the community property is subject to partition in kind. If he determines that it is then he shall equitably divide the community property between the parties. If it is not subject to partition in kind the trial court can appoint a receiver and order so much of the property as is incapable of partition to be sold and the proceeds divided between the parties in such portions as, in the discretion of the court, may be a just, fair and equitable partition, having in mind the rights of the parties and the children. 15A Texas Jur. 751, et seq., Sec. 149 et seq. We approve the holding in the Mansfield case and those following that rule. It follows that we disagree with the holdings in Lewis v. Lewis and those cases following that rule.

In the Carle case, supra, we stated the trial court would have the power to make a partition and division of the lots between the parties if, in its opinion, such was equitable and fair.

4  That part of Art. 4638 contained in the last sentence, which prohibits the divestiture of title by either party to real estate, has no application to the community real estate but applies only to the separate property of each party. The trial court, in his judgment, made what he considered to be a fair, just and equitable partition of all the community property. However, in connection with his partition of the real estate, the trial court provided that the described real estate allotted to each taker be the separate property of the taker and that title and interest of each party in such tract of land be divested out of each such party and be vested in the allottee. We apply the rule of law applicable to a partition suit. It is the law that a

partition of property between joint owners is not a divesting of title of either owner, but even though the partition of property vests each of the parties thereto with a separate ownership of the particular tract of land allotted to him, the transaction is deemed not to operate as a conveyance or transfer of title. Chace v. Gregg, (1895), 88 Texas 552, 32 S.W. 520; Davis v. Agnew, 67 Texas 206, 2 S.W. 43, 376; 32 Texas Jur. 146, Sec. 2. A deed of partition does not confer or convey title, but merely dissolves the tenancy in common. Chace v. Gregg, supra; Houston Oil Co. of Texas v. Kirkindall, (1941), 136 Texas 103, 145 S.W. 2d 1074, 1077. The court's judgment in the case at bar shows the court was making a partition of the whole of the community estate between the parties as is required by Art. 4638.

5  We now come to the application for writ of error filed by defendant. The Court of Civil Appeals found that the trial court made a fair, just and equitable division of the community estate and affirmed the trial court's action in this regard. Defendant asserts there is no evidence in the record to sustain the court's action in so dividing the property between the parties. We have examined the statement of facts in this cause and we find there is ample evidence to support the trial court's judgment. Defendant's Points Nos. Five and Six are overruled.

Defendant attacks the sufficiency of plaintiff's pleadings as to the excesses, cruel treatment and outrages committed by defendant against plaintiff. We have examined such pleadings in the light of this record and we agree with the Court of Civil Appeals that the pleadings are adequate to raise the issue and to authorize the admission of the evidence on this ground for the divorce. Defendant's third point is overruled.

Defendant also brings up a complaint that there is no evidence, or at least there is not sufficient evidence to justify the granting of the divorce on the grounds of cruel treatment. It is elementary that this court has no jurisdiction of the "insufficiency of evidence" complaint. As to the "no evidence" point we hold that there is evidence to sustain the judgment of the trial court in granting the divorce. Defendant takes the Court of Civil Appeals to task for not setting out the evidence sustaining the trial court's judgment. We fail to see how any good will be done by setting out in detail the sordid facts of this case and we will not do so.

As to the complaint that the Court of Civil Appeals refused to determine for itself whether or not the evidence adduced was

full and satisfactory to warrant the granting of the divorce, a reading of the opinion of the Court of Civil Appeals shows that it did decide this point after having made a full review of this record. Defendant's point No. Two is overruled.

**6** Defendant's point Four claims there is "no evidence" to support the trial court's judgment awarding the custody of the minor daughter to plaintiff. There is evidence that defendant would not feed, dress or bathe her baby; that she would stay in bed many mornings until ten or twelve o'clock and then get up and dress and hurry to her place of employment. There is also evidence that defendant made the statement that she was not interested in taking care of her child; that doing so was distasteful and burdensome to her; that she thought more of her employer and his business than of her home and child. Also, there is evidence of defendant's conduct which would support the trial court's finding that defendant was not a fit and proper person to have custody and control of the daughter. We overrule defendant's fourth point of error.

The judgment of the Court of Civil Appeals is affirmed in so far as it approves the trial court's judgment granting the divorce, awarding custody of the minor daughter to plaintiff, and making division of the community property.

That part of the judgment of the Court of Civil Appeals reversing a part of the judgment of the trial court is reversed, and the trial court's judgment is affirmed.

Opinion delivered January 13, 1960.

Rehearing overruled February 17, 1960.