NUMBER 13-00-072-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MANUEL AVILA , Appellant,


v.


MARIA IRMA AVILA , Appellee.

___________________________________________________________________


On appeal from the 93rd District Court

of Hidalgo County, Texas.

__________________________________________________________________


OPINION ON MOTION FOR REHEARING


Before Justices Hinojosa, Castillo, and Amidei (1)

Opinion by Justice Amidei


On rehearing we grant the appellee's request that we affirm the portion of the trial court's judgment granting the parties a
divorce, but overrule the balance of appellee's motion for rehearing, and reverse and remand the balance of the trial court's
judgment.

Manuel Avila, appellant, hereafter called "Mr. Avila," appeals from the decree of divorce that dissolved his marriage with
Maria Irma Avila, the appellee, hereafter called "Mrs. Avila." Mr. Avila raises five issues: (1) that evidence does not
support award of 80% of the marital estate to Mrs. Avila, either factually or legally, (2) Mr. Avila was not awarded
reimbursement for the use of his separate property to improve the community estate, contrary to the great weight and
preponderance of the evidence and was manifestly unjust, (3) the decree designating separate property of Mrs. Avila lacks
the support of legally or factually sufficient evidence, (4) the decree was manifestly unjust in awarding Mr. Avila a money
judgment in the amount of $7,120.00 when the community estate could be divided equitably by partitioning in kind, and (5)
the money judgment awarded in favor of Mr. Avila was not provided with adequate security. 

Standard of Review

 In dividing a marital estate the trial court has broad discretion having due regard for the rights of each party and any
children of the marriage. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). We are not to disturb that discretion on appeal
unless a clear abuse of discretion has been shown. Vallone v. Vallone, 644 S.W.2d 455, 460 (Tex. 1982). 

 The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case
for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or
principles, and the mere fact that a trial judge may decide a matter within his discretionary authority differently than an
appellate judge does not demonstrate such an abuse. 

Jones v. Jones, 804 S.W.2d 623, 624 (Tex. App.-Texarkana 1991, no writ).

Facts

 There are no minor children of the marriage.

 The Avilas were married thirty years and acquired five homes, one restaurant, and two vacant lots with community funds. 
The parties owned as community property a 1995 Chevrolet pickup truck. Mrs. Avila claimed no separate property, Mr.
Avila's claimed he contributed $5,775.00 of his separate property (money which he had received from a personal injury
accident) to improve the community restaurant.

 Mrs. Avila's grounds for divorce were discord or conflict of personalities as well as cruel treatment by Mr. Avila that made
the marriage insupportable. Mrs. Avila testified that: (1) Mr. Avila had physically abused her over the length of the
marriage; and (2) Mr. Avila had committed adultery. In response, Mr. Avila testified that Mrs. Avila had thrown hot grease
in his face and he still had scars to prove it. Notwithstanding the respective cruel treatment of the parties they continued to
live with each other until he threatened to kill her with a knife. He threw the knife in her direction but it fell short and did
not hit her. Because she was so afraid of Mr. Avila after the knife throwing incident, she moved out and filed this suit for
divorce.

 The family restaurant is operated by Mrs. Avila and although it grosses about $25,000.00 per year, it only breaks even, as
reflected by the income tax returns for at least two years before the trial. Mrs. Avila receives: (a) $150.00 monthly rentals
on the mobile home in Edinburg, Texas, and (b) $265.00 monthly payments on the house in Alton, Texas, sold under a
contract for deed. Balances owing to the community on contracts for deed are: $2,000.00 on Lot 48, Los Jardines
Subdivision; and $8,000.00 on the Alton, Texas house, although it does not appear that payments are being made on the
"Los Jardines" property.

 The only debt of the community is approximately $10,000.00 owed on the 1995 Chevrolet pickup truck.

 Mr. Avila has had two strokes, is disabled, unemployed and receives $700.00 monthly social security disability payments,
his only source of income.

Divorce Decree

 Mrs. Avila was awarded five separate lots, or parcels of real estate out of the community estate, with values as follows:

 311 Delaware home (Mr. Avila claims the value to be $50,000.00) $40,000.00

 Restaurant/house $75,000.00

 Lot 48 Los Jardines $ 2,000.00

 Lot 8, Blk 9 Alton home $20,000.00

 Lots 5 and 6, Block 8 Original Townsite of Alton (no value assigned)



and one parcel the trial court designated as her separate property with the value, as follows:

 Lot 8 Edinburg, Texas (Mobile Home) $ 2,000.00

 Mrs. Avila was also awarded personal property as follows: the 1995 Chevrolet pickup truck together with the debt
thereon; bank account in the Northwest Bank with an approximate balance of $1,000.00; and her clothes, jewelry and
personal effects.

 Mr. Avila was awarded one parcel of real estate with the value, as follows:

 Lot 40, Serda $ 16,000.00

However, it appears that the parties deeded this property to their son in order to get social security disability for Mr. Avila.

 Lot 9, Blk. 9 in Alton was not awarded to either party. Although this property was sold pursuant to a contract for deed, the
trial court made no award of the right to receive the $8,000.00 still owed to the community.

 Mr. Avila was awarded an unsecured judgment against Mrs. Avila in the amount of $7,120.00 payable at $100.00 a month
until paid in full.

 Mr. Avila was awarded personal property as follows: all cash, clothing, jewelry and other personal effects in his
possession. The amount of cash he possessed, if any, was not determined.

Issues Presented 

 In his first issue, Mr. Avila complains that Mrs. Avila was awarded 80% of the community property, whereas he was only
awarded 20% of the community property, and in issue number three, he complains one parcel of real estate was awarded to
Mrs. Avila as her separate property notwithstanding she did not prove it was her separate property, thereby reducing his
percentage of recovery even more. Fault in the breakup of the marriage is a factor which may be weighed in the division of
property by the trial court. However, the trial court still must make a property division which is "just and fair" as directed
by section 7.001 of the Texas Family Code, and should not make a division a punishment for the spouse at fault. Tex. Fam.
Code Ann. § 7.001 (Vernon 1998);Young v. Young, 609 S.W.2d 758, 762 (Tex. 1980). Although the judgment indicated
the divorce was granted on no fault grounds, the trial court was not foreclosed from using "fault" grounds in the division of
property. Murff, 615 S.W.2d at 698. Other factors the trial court should have considered in favor of Mr. Avila include: (1)
his physical disability, (2) lack of income producing properties, (3) lack of sources of income other than the social security
disability payments, (4) disparity of age, Mr. Avila being fifty-seven and approximately ten years older than Mrs. Avila;
and (5) lack of business opportunities or employment of Mr. Avila. See Roever v. Roever, 824 S.W.2d 674, 676 (Tex.
App.-Dallas 1992, no writ); Clay v. Clay, 550 S.W.2d 730, 734 (Tex. Civ. App.-Houston [1st Dist] 1977, no writ). It does
not appear that the trial court used any of such factors to divide the property.

 The trial court awarded Mr. Avila the real estate described as Lot 40 Serda, notwithstanding uncontradicted testimony that
the property was placed in the name of the parties' son in order to get social security disability benefits for Mr. Avila.
Neither was it explained whether the transfer was somehow conditional or temporary. The trial court did not have
jurisdiction and abused its discretion in awarding Mr. Avila property that belonged to the parties' son.

 In issues numbers four and five, Mr. Avila complains that the money judgment against him was improper because the
community estate could have been divided equitably by partitioning in kind; and even if it was proper it was not adequately
secured. Hailey v. Hailey, 160 Tex. 372, 376, 331 S.W.2d 299, 303 (1960)(it is the trial court's duty to determine if the
community property is subject to partition in kind). After subtracting the real estate awarded to Mr. Avila, all he was
awarded is the unsecured judgment payable by Mrs. Avila $100.00 each month until $7,120.00 is paid in full. Considering
the history of this marriage, the probability for the successful collection of the judgment was greatly diminished by the
failure of the trial court to grant Mr. Avila a lien on property awarded to Mrs. Avila to secure its payment. The lien, if
granted, would have been inconsequential to Mrs. Avila, provided she paid the judgment as directed. Even if the judgment
were secured, it alone would not have made the award to Mr. Avila "just and fair." Reducing Mr. Avila's share even more
was the entire omission of the $8,000.00 owed to the community estate by the buyer of Lot 9, Blk. 9 in Alton from the
division by the trial court. That omission also harmed Mrs. Avila because without a court declaration that she owned the
balance due on the contract for deed she would not have legal authority to receive further installment payments thereon. 
See Jacobs v. Jacobs, 687 S.W.2d 731, 732 (Tex. 1985) (remand for a new division was required when all of the
community was not considered because the trial court mischaracterized some of the property).

 A "just and right" division of the community property was not made, because (1) the title to the real estate awarded to Mr.
Avila was held by the parties' son, and was not property belonging to the community estate, (2) a parcel of the community
real estate was awarded to Mrs. Avila and was mischaracterized as her separate property, (3) there should have been a
partition in kind of the properties rather than a judgment in lieu of an award of property, (4) there was an omission of
$8,000.00 owed to the community estate, and (5) the resulting inequality is substantial. The judgment indicates there was
no rational basis for the trial court's division of the property and was manifestly unfair. The trial court abused its discretion
dividing the property. Mr. Avila's issues numbers one, three, four, and five are granted and the entire community division
is remanded to the trial court for a new division. 

 Mr. Avila's claim for reimbursement as presented in his issue number two is overruled because he did not prove what part
of the personal injury recovery he contributed to the community was for lost earnings, medical expenses or for personal
injury and pain and suffering damages. In the absence of evidence describing the recovery in better detail, we are required
to presume all of the contribution is community property. Kyles v. Kyles, 832 S.W.2d 194, 198 (Tex. App.-Beaumont
1992, no writ). Although Mr. Avila went to trial on a general denial, the better practice is for a party seeking
reimbursement to specifically plead reimbursement. Jensen v. Jensen, 665 S.W.2d 107, 110 (Tex. 1984) (apparently
allowed a reimbursement claim without pleading reimbursement).

 Mrs. Avila argues in her counter-issue number one that Mr. Avila waived his right to complain about the absence of
findings of fact and conclusions of law because he failed to follow up with a reminder notice to the trial court under rule
297 of the Texas Rules of Civil Procedures to prepare and file findings of fact and conclusions of law. Mr. Avila does not
complain about the absence of the findings of fact and conclusions of law. If such findings are not requested and filed, it is,
as stated by Mrs. Avila's brief, implied that the trial court made all the necessary findings in support of its judgment, but
only in the absence of a statement of facts or reporter's record. Here we have a reporter's record and it is not necessary to
have findings of fact and conclusions of law. The law supporting Mr. Avila is well set forth in State v. 1204 N. Twelfth
Street, 907 S.W.2d 644, 645 (Tex. App.-Corpus Christi 1995, no writ) as follows:

 In a nonjury trial, where findings of fact and conclusions of law are neither filed nor timely requested, it is implied that the
trial court made all necessary findings to support its judgment. When, as in this case, a statement of facts is brought
forward, those implied findings may be challenged by factual or legal sufficiency points the same as jury findings or a trial
court's findings of fact. 

Id. (citations omitted). 

 Mrs. Avila's counter-issue number one is overruled.

 Mrs. Avila's counter-issue number two asks the question: Did appellant's failure to include in his prayer a request that the
judgment be "rendered" waive his right to challenge the legal sufficiency of the evidence? It would have been meaningless
forMr. Avila to pray for a rendition of judgment because we have no authority to render our own property division in a
divorce action, and where we determine that the trial court abused its discretion in dividing the property, the proper
procedure is to remand the case to the trial court as we are ordering. McKnight v. McKnight, 543 S.W.2d 863, 864 (Tex.
1976). Mr. Avila did not waive anything by praying for a remand. In fact he made the proper prayer asserting his rights,
and did not relinquish any rights, intentionally or unintentionally. The cases cited by Mrs. Avila are distinguishable
because they do not involve a divorce case where the issue is whether the trial court abused its discretion in dividing the
property. Mrs. Avila's brief does not point out or explain how the cases or rules cited pertain to this counter issue.

 Mrs. Avila's counter-issue number two is overruled.

 The portion of the trial court judgment granting a divorce is affirmed; and the remaining portion of the judgment
concerning division of property is reversed and remanded for a new trial.


 _________________________________

JUSTICE MAURICE AMIDEI

(ASSIGNED)





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 18th day of October, 2001. 

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).