

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00593-CV

Venus **MINSAL**,
Appellant

v.

Abel H. **GARCIA**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-18466
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed:  April 8, 2015

AFFIRMED

Venus Minsal appeals her divorce decree, arguing the trial court erred in dividing the community estate and by requiring her to sell her home, failing to recognize her reimbursement claims, and not making findings of fact and conclusions of law. We affirm.

### BACKGROUND

Minsal and Garcia were common law spouses who moved to Texas from Florida in 2005. Minsal started her own salon where she worked as a hairdresser. Garcia also started his own business installing garage doors. They purchased a house in Minsal's name in San Antonio, where

they resided with their son and Minsal's son from another relationship. They purchased and moved into a second house, which they also purchased in Minsal's name, and they leased the first house to tenants. Throughout the marriage, Minsal received significant financial assistance from Minsal's parents, who live in Cuba.

Minsal and Garcia began experiencing financial difficulties. They took out a second mortgage on the second house, and Minsal started working a second job. Ultimately, they were unable to pay their mortgages and the second house was foreclosed on. Garcia also experienced difficulties having the tenants move out of the first house, and during a dispute with them, Garcia assaulted one of them. Garcia was convicted of assault, and he was ordered to pay fines and restitution.

Minsal and Garcia separated in November 2011, and one year later, Garcia filed for divorce, alleging the marriage had become insupportable. Minsal cross-petitioned for divorce, alleging Garcia was "guilty of mentally cruel treatment" toward her. Both requested the trial court divide the community property, and Minsal alleged she was entitled to reimbursement for gifts from her parents and for using a tax refund to help pay Garcia's criminal fines and restitution. The case was tried to the bench, and the trial court dissolved their marriage.

The trial court awarded Minsal and Garcia their separate bank accounts, life insurance policies, and their respective self-employed businesses. It also ordered Minsal to continue to pay community debts in her name and to provide Garcia with documentation of payments, and ordered Garcia "to match any payment made by [Minsal] toward said debts." With regard to the house, the trial court ordered the parties to obtain an appraisal of the home, and ordered Minsal to pay Garcia one-half of the equity of the home plus $3,750 for his attorney's fees. The trial court ordered Minsal, if she were unable to pay Garcia that amount, to sell the home and divide the proceeds equally and pay Garcia $3,750 for his attorney's fees out of her share. Finally, the trial court

awarded Minsal two vehicles (one of which she established was her separate property), and it awarded Garcia two vehicles.

Minsal filed a motion for new trial and requested findings of fact and conclusions of law. The trial court modified the judgment, ordering that an "Order to Withhold Income for Child Support" issue and expressly denying Minsal's reimbursement claims, but the trial court did not modify the division of property. Minsal appeals.

## TRIAL COURT'S JURISDICTION

Minsal argues the trial court divided the property unequally in Garcia's favor and ordered a partition of her home by sale, and it lacked jurisdiction to do so because neither was supported by the pleadings. Generally, a trial court may not grant relief to a person who has not requested such relief in a live pleading. TEX. R. CIV. P. 301. However, a trial court must "make a partition of the community property whenever the pleadings of either party show the existence of such property." *Hailey v. Hailey*, 160 Tex. 372, 376, 331 S.W.2d 299, 302 (1960). The division of the property is committed to the trial court's discretion. *Monroe v. Monroe*, 358 S.W.3d 711, 716 (Tex. App.—San Antonio 2011, pet. denied).

Here, both Minsal and Garcia requested the trial court divide their community property, which was alleged to have included the house. Therefore, the divorce decree's division of the property was authorized by both parties' pleadings. We will address Minsal's contentions that the trial court awarded Garcia an unfair portion of the community estate and forced her to sell her homestead below. We now address Minsal's argument that the trial court erred by not making findings of fact and conclusions of law.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

In response to Minsal's issue that the trial court erred by not making findings of fact and conclusions of law, Garcia contends the issue was waived because Minsal prematurely filed her

"past due" notice. A prematurely filed request for findings of fact and conclusions of law is deemed to be filed on the same day, but after, the trial court signs the final judgment. TEX. R. CIV. P. 306c. If the trial court subsequently modifies the judgment, the request for findings of fact and conclusions of law is deemed filed on the date of the modified judgment. *Bode v. Frank's Int'l, Inc.*, No. 01-04-00545-CV, 2006 WL 727811, at *2 (Tex. App.—Houston [1st Dist.] Mar. 23, 2006, pet. denied). A party need not re-urge the premature request. *Id.*

A trial court must file its findings of fact and conclusions of law within twenty days after a timely request is filed. TEX. R. CIV. P. 297. A prematurely filed notice of past due findings of fact and conclusions of law is factually incorrect and "does not serve the purpose for the notice." *Estate of Gorski v. Welch*, 993 S.W.2d 298, 301 (Tex. App.—San Antonio 1999, pet. denied). Rule 306c's provision regarding premature requests for findings of fact and conclusions of law does not apply to a notice of past due findings of fact and conclusions of law because the purpose of notifying the trial court is not served. *Id.*

The trial court granted the parties' requests for a divorce on April 17, 2013. Six days later, Minsal filed her request for findings of fact and conclusions of law. On June 5, 2013, the trial court signed a final judgment, and on July 1, 2013, the trial court modified its final judgment. Thus, Minsal's request for findings of fact and conclusions of law was deemed filed on July 1, 2013. Four days later, Minsal filed a notice of past due findings of fact and conclusions of law. This past due notice was premature and factually incorrect because the findings of fact and conclusions of law were not due for another sixteen days. Therefore, the issue is waived. *See In re A.I.G.*, 135 S.W.3d 687, 694 (Tex. App.—San Antonio 2003, no pet.).

## ATTORNEY'S FEES

Minsal also challenges the award of attorney's fees because she argues she was forced to pay it from a forced sale of her homestead and from her separate property. Minsal's first argument

is not supported by the record because the divorce decree orders the parties to obtain an appraisal and for Minsal to pay Garcia half of the equity in the home plus attorney's fees. It does not require her to sell her house unless she is unable to do so. Minsal does not argue and the record does not establish she is unable to pay Garcia without selling her home.

Relying on *Henry v. Henry*, 48 S.W.3d 468, 480 (Tex. App.—Houston [14th Dist.] 2001, no pet.), Minsal argues the trial court's award of $3,750 in attorney's fees was an abuse of discretion because the amount of the attorney's fees award exceeded the value of the community estate. *Henry* was ultimately decided on waiver grounds, but the court of appeals, citing *Chiles v. Chiles*, 779 S.W.2d 127, 129 (Tex. App.—Houston [14th Dist.] 1989, writ denied)), stated "[an] award of attorney's fees in a divorce action . . . cannot exceed the value of the community property at issue before the court." *Id.* at 480. In *Chiles*, the spouses had a pre-marital agreement that there would be no community property. 779 S.W.2d at 129. As such, the court of appeals in *Chiles* held the trial court lacked statutory authority to award attorney's fees from a spouse's separate property. *Id.* Here, however, there is a community estate; Minsal and Garcia owned $42,605 in equity in the house. Thus, the divorce decree does not order Minsal to pay Garcia's attorney's fees from her separate property.

**PROPERTY DIVISION & REIMBURSEMENT**

Minsal argues the trial court abused its discretion by inequitably dividing the community property and disregarding her claims of reimbursement.

### *Standard of Review*

Trial courts have broad discretion in dividing marital property upon divorce, and we will not disturb a trial court's division of property absent a clear abuse of discretion. *Roberts v. Roberts*, 402 S.W.3d 833, 838 (Tex. App.—San Antonio 2013, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without any reference to guiding rules and principles. *Id.*

A trial court does not abuse its discretion if there is some probative, substantive evidence to support the decision. *Id.*

### *Reimbursement Claims*

A claim for reimbursement includes "payment by one marital estate of the unsecured liabilities of another marital estate." *See* TEX. FAM. CODE ANN. § 3.402(a)(1) (West 2006). Reimbursement claims do not accrue as a matter of right but are governed by rules of equity. *Hinton v. Burns*, 433 S.W.3d 189, 195–96 (Tex. App.—Dallas 2014, no pet.). A spouse's separate estate is not necessarily entitled to reimbursement from the community estate when the spouse contributes separate money to satisfy her obligation to support her family when the community estate lacks sufficient funds. *See Burney v. Burney*, 225 S.W.3d 208, 219 (Tex. App.—El Paso 2006, no pet.).

Minsal first argues the community estate was entitled to reimbursement from Garcia's separate estate because the community spent $6,000 of a federal-income-tax return to pay Garcia's criminal fees and restitution for his assault conviction.[1] However, "[a]ll community property is subject to tortious liability of either spouse incurred during marriage." TEX. FAM. CODE ANN. § 3.202(d) (West 2006); *see also id.* § 3.202(e) (excluding certain community retirement accounts from being subject to a criminal restitution judgment against the nonparticipant spouse). Thus, Minsal did not establish a right to this reimbursement claim.

Minsal next contends her separate estate was entitled to reimbursement from the community estate because her father gave her a gift of $5,000, which was used to pay off the note on a community Suburban. Minsal's mother testified Minsal's father paid off the note on the

---

[1] The evidence shows Garcia was ordered to pay restitution in the amount of $8,818, but does not establish what amount of the $6,000, if any, was used to pay court costs or fines.

Suburban as a gift to both Minsal and Garcia. Therefore, the trial court's decision to deny Minsal's reimbursement claim was supported by the evidence.

Minsal also contends she is entitled to reimbursement from the community estate for $29,300 in cash gifts from her parents. Minsal testified these cash gifts were spent to pay down debt and to pay household expenses. The trial court could have found that Minsal's expenditures were to satisfy her spousal obligation to support her family. As such, the trial court could have exercised its discretion to deny this reimbursement claim. *See Burney*, 225 S.W.3d at 219.

### *Division of the Property*

Minsal complains the trial court inequitably divided the community property by leaving Minsal liable for all of the community debt and "le[aving] all of the debts and liabilities in [Minsal's] name." However, the divorce decree required Garcia to pay as much of the community debt as Minsal pays. Minsal does not cite any authority that gives a trial court discretion to change the debtor listed on a mortgage loan or credit card agreement. *Cf.* TEX. FAM. CODE ANN. §§ 3.201, 3.202 (West 2006) (providing rules for spousal liability and the property that may be subject thereto). Thus, the record does not support Minsal's complaint that this portion of the divorce decree rendered the trial court's division of property inequitable.

Minsal contends the attorney's fees award of $3,750 rendered the trial court's division of property unfair and unjust. Minsal does not account for disparate values of the vehicles she and Garcia were awarded. Minsal presented evidence that the value of the vehicle she was awarded was $6,500 more than the total value of the two vehicles Garcia was awarded. While the award is not exactly equal even considering the evidence, an exactly equal award is not necessary for the trial court to properly exercise its broad discretion in making a fair and just division of the community estate. *See Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974).

**CONCLUSION**

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice