

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00079-CV
_____

WILLIE T. FREENEY, JR., ET AL., Appellants

V.

MICHAEL W. FLOWERS, ET AL., Appellees

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2022-298

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens
Concurring Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Appellants, Ananias J. Freeney, Jr., Dorothy Marie Freeney Pratt, Earnest J. Freeney, and James Paul Freeney (collectively the Freeneys), appeal from the trial court's order for partition by sale in which it granted Appellees, Michael W. Flowers, Mike Robertson, T. L. Hudspeth, and Chad Wes Dean, the right to sell the subject property, a 94.042 acre tract (the Property), in an open-market sale with no partition in kind. In their sole issue on appeal, Appellants contend that the trial court erred in its decision to deny partition in kind under the Uniform Partition of Heirs' Property Act (the Act). *See* TEX. PROP. CODE ANN. § 23A.009. Because we find that evidence supported the trial court's findings that partition in kind would result in substantial prejudice to the cotenants, we affirm.

## I.    Background

Appellants and Appellees are co-owners[1] of possessory interests in the surface estate of the Property in Rusk County. The parties agree that the Property is heirs' property as defined in Section 23A.002(5) of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 23A.002(5) (defining heir's property as "real property held in tenancy in common that satisfies" the requirements listed in section 23.002(5) and that apply upon filing the application that seeks the partition). In their fifth amended petition, the live pleading, Appellees[2] sought to have the

---

[1]The pleadings represent that more than eighty-three parties were co-owners of possessory interests in the surface estate of the Property.

[2]Pauline Freeney Hightower, a plaintiff in the underlying proceeding, is not a party to this appeal. In the parties' fifth amended petition, it was noted that Hightower did not seek a partition by sale and instead sought a partition in kind for her interest. As a result, counsel sought to withdraw from representation of Hightower in the fifth amended petition.

Property partitioned by sale, stating that "partition in kind of the [P]roperty would result in substantial prejudice to the cotenants as a group, based on the considerations set forth in Prop. Code Sec. 23A.009." *See* TEX. PROP. CODE ANN. §§ 23A.001–.009.

The trial court subsequently entered an "Order Regarding Interests of Parties" in which it determined the fair-market value of the property and found that the interests of each co-owner were as set forth in the plaintiffs' live pleading. Appellees then moved for partition by sale, attaching to their motion an "Election to Sale," which detailed the reasons partition in kind would be inappropriate in this matter. Appellants responded by requesting their collective interest in the Property be partitioned in kind, which totaled 0.00757576 percent of the Property (94.042 acres) or 0.7124 undivided acres. The trial court held a hearing on the pending motion for partition by sale and, after taking the matter under advisement, the trial court entered an order for partition by sale, finding,

> [P]artition in kind will result in substantial prejudice to the cotenants as a group. Specifically, the court finds that the heirs' property practicably cannot be divided among the cotenants. The court also finds that a partition in kind would apportion the property in such a way that the aggregate fair market value of the parcels resulting from the division would be materially less than the value of the property if the property were sold as a whole, taking into account the condition under which a court-ordered sale likely would occur. The court therefore finds that a fair and equitable division of the property cannot be made.

Appellants filed a motion for reconsideration of the trial court's order, which was denied. This appeal of the order for partition by sale ensued.

3

## II. Standard of Review and Applicable Law

"The rules of equity govern the trial court's partition of property." *Bowman v. Stephens*, 569 S.W.3d 210, 223 (Tex. App.—Houston [1st Dist.] 2018, no pet.). "A trial court exercises broad discretion in balancing the equities involved in a case seeking equitable relief." *Id.* (citing *Stracener v. Stracener*, No. 12-10-00270-CV, 2011 WL 2766802, at *1 (Tex. App.—Tyler July 13, 2011, no pet.) (mem. op.)). "We review a trial court's decision granting or denying equitable relief for an abuse of discretion." *Rodriguez v. Rivas*, 573 S.W.3d 447, 451 (Tex. App.—Amarillo 2019, no pet.) (citing *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008)); *see also Dejean v. Spates*, No. 14-22-00908-CV, 2024 WL 1668018, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 18, 2024, no pet.) (mem. op.). "An appellate court will not disturb a trial court's ruling on a claim seeking equitable relief unless it is arbitrary, unreasonable, or without regard to guiding legal principles." *Bowman*, 569 S.W.3d at 223. "When facts are disputed, a trial court does not abuse its discretion if some of the conflicting evidence supports its decision." *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005)).

"When an appealing party attacks the factual sufficiency of an adverse finding on an issue on which it did not have the burden of proof, that party must demonstrate the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Dejean*, 2024 WL 1668018, at *2 (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). When dealing with "a factual-sufficiency challenge, all the evidence in the record, both for and against the finding, is reviewed." *Id.* "Under an abuse-of-discretion standard, legal

and factual sufficiency are not independent grounds for reversal, they are simply relevant factors in determining if the trial court abused its discretion." *Id.* (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

The Act provides a process by which heirs can either force partition in kind or effectuate the buyout of undivided interests in inherited property. "The right to partition is absolute." *Carter v. Charles*, 853 S.W.2d 667, 671 (Tex. App.—Houston [14th Dist.] 1993, no writ). "The law will not force a reluctant joint owner of real property to maintain a joint ownership. Instead, joint owners of real property 'may compel a partition of the interest or the property among the joint owners.'" *Bowman*, 569 S.W.3d at 220 (quoting TEX. PROP. CODE ANN. § 23.001). "Partitions may be in kind (meaning that property is divided into separate parcels and each parcel is allotted to a separate owner) or by sale (meaning that property is sold and sale proceeds are divided among the owners)." *Id.* "Texas law favors partition in kind over partition by sale." *Id.*

"The party seeking to obtain a partition by sale (instead of the legally favored partition in kind) has the burden to demonstrate that partition in kind is 'impractical or unfair.'" *Id.* (quoting *Hopkins v. Hopkins*, No. 03-03-00629-CV, 2006 WL 1126222, at *8 (Tex. App.—Austin Apr. 27, 2006, pet. denied) (mem. op.)). "Generally, where the evidence is conflicting or admits of more than one inference, it is a question of fact for the jury or the trier of facts whether or not a partition in kind is feasible or a sale for division necessary." *Id.* (quoting *Robertson v. Robertson*, 425 S.W.2d 707, 708 (Tex. App.—Houston [14th Dist.] 1968, no writ)). "If the trial court determines property is not susceptible to partition in kind, then the trial court must order partition by sale." *Dejean*, 2024 WL 1668018, at *3 (citing TEX. R. CIV. P. 770). Thus, the

threshold question here is whether the Property is "susceptible of partition" in kind, TEX. R. CIV. P. 761, or if it is "incapable of partition" in kind because a "fair and equitable division" cannot be made, TEX. R. CIV. P. 770.

## III.  Evidence Supports that the Property is Not Susceptible to Partition in Kind

Section 23A.009 of the Texas Property Code states,

(a)    In determining under Section 23A.008(a) whether partition in kind would result in substantial prejudice to the cotenants as a group, the court shall consider the following:

(1)    whether the heirs' property practicably can be divided among the cotenants;

(2)    whether partition in kind would apportion the property in such a way that the aggregate fair market value of the parcels resulting from the division would be materially less than the value of the property if the property were sold as a whole, taking into account the condition under which a court-ordered sale likely would occur;

(3)    evidence of the collective duration of ownership or possession of the property by a cotenant and one or more predecessors in title or predecessors in possession to the cotenant who are or were relatives of the cotenant or each other;

(4)    a cotenant's sentimental attachment to the property, including any attachment arising because the property has ancestral or other unique or special value to the cotenant;

(5)    the lawful use being made of the property by a cotenant and the degree to which the cotenant would be harmed if the cotenant could not continue the same use of the property;

(6)    the degree to which the cotenants have contributed the cotenants' pro rata share of the property taxes, insurance, and other expenses associated with maintaining ownership of the property or have contributed to the physical improvement, maintenance, or upkeep of the property; and

> (7)  any other relevant factor.
>
> (b)  The court may not consider any one factor under Subsection (a) to be dispositive without weighing the totality of all relevant factors and circumstances.

TEX. PROP. CODE ANN. § 23A.009.

Appellees presented evidence that, over eighty cotenants possessed an interest in the Property, with the largest interests belonging to Appellees. The Appellants's evidence demonstrated that the Property was a rural tract of land that was difficult to access, including approximately twelve acres that could only be accessed by boat. The Property has limited access from a dirt road and its main purpose is recreation and hunting. Some of the Property is in a floodplain and "under water a lot of times." The Property had no signs of improvements over the preceeding twenty-five years, and the "bulk of the ad valorem taxes on this [P]roperty had been paid by the" Appellees. Appellees further asserted that the act of partitioning in kind would be burdensome because it would require additional experts and surveyors to determine an equitable division and any easements as necessary to have access to the Property, as it was so difficult to access.

Appellants did not call any witnesses to controvert the evidence presented by Appellees. Instead, Appellants argued that partitioning their interest of 0.00757576 percent of the Property "which is small clearly has an insignificant impact on the ability to sale [sic] the [P]roperty." They also asserted that their interest was significant "as it relates to the heritage of the Freeney Family and the ability to maintain a connection to the family's past." Appellants also reiterated that argument at the hearing on Appellees's motion for partition by sale.

7

Considering the record, the trial court had before it sufficient evidence that partition in kind would reduce the aggregate fair-market value of the Property and would result in substantial prejudice to the cotenants and that, as a result, the Property was not susceptible to partition in kind. *See* TEX. PROP. CODE ANN. § 23A.009. We, therefore, find that the trial court did not abuse its discretion by ordering a partition by sale. As a result, Appellants's sole issue is overruled.

## IV. Conclusion

We affirm the judgment of the trial court.


Scott E. Stevens
Chief Justice


CONCURRING MEMORANDUM OPINION

The standard of review is the key to this decision—specifically, the standard of review for a trial court's fact-finding based on statutory factors regarding Chapter 23A partition, as set forth in Section 23A.009.[3] We are the first court to conduct such a review. While *Dejean* was a Chapter 23A case, it did not discuss the Section 23A.009 factors but, instead, relied on the

---

[3]The trial court's order of July 25, 2024, states, "The court has considered the factors listed in [Section] 23A.009 of the [Texas] Property Code."

8

principle that "Texas courts have found that single-family homes, like the marital home . . . are not susceptible to partition in kind." *Dejean*, 2024 WL 1668018, at *3.[4]

I join in the opinion of the Court. Since we are the first court to review a trial court finding on the Section 23A.009 factors, what follows is an elaboration on the standard of review.

## I. Standard of Review

Though the standard of review is crucial to any appeal, neither party briefed it. That put this Court on the horns of a dilemma: to find briefing waiver,[5] or not.[6] I agree that we should not find briefing waiver, even though that puts the Court in the position of seeking out the standard of review on its own. Having undertaken that task, given the nature of the new question before the Court, I offer the following additional analysis.

In this case, we are not required to construe Section 23A.009, nor do we. What we assess is the standard of review applicable to trial court fact-findings on a statutory question under

---

[4]*Dejean* involved a fact pattern different from the one now at hand. In *Dejean*, a widower was in a dispute with his late "wife's six children from a prior marriage." *Dejean*, 2024 WL 1668018, at *1. The widower had a one-half interest in what had been the marital homestead with his late wife, and a lifetime right to live there. *Id.* One of the children, however, got into the home and changed the locks, thereby locking the widower out. *Id.* The widower initially sought to evict the child, but then decided to pursue partition via sale under Chapter 23A. *Id.* The *Dejean* court did not discuss each Section 23A.009 factor; it was readily apparent that partitioning that house in kind would not work because the parties had demonstrated an inability to live together in harmony under the same roof. *Id.*

[5]*See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) ("As for factual sufficiency of the lost profits award, however, we observe that there may be a question of whether Swinnea adequately briefed the issue to the court of appeals. The Texas Rules of Appellate Procedure require adequate briefing.").

[6]*See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." (omitting quotations and citations to cases where that instruction had previously been given)).

Chapter 23A. This assessment presents a new question with broad interest. But it is a new question in an already established field—partition.

## A. Sufficiency of the Evidence, Abuse of Discretion, or a Combination?

In a pre-23A Chapter 23 case, our Court reviewed susceptibility to partition in kind[7] for both legal and factual sufficiency. *Champion v. Robinson*, 392 S.W.3d 118, 124 (Tex. App.—Texarkana 2012, pet. denied) ("When the party without the burden of proof on a fact issue complains the evidence is factually insufficient, the complaining party must show the credible evidence supporting the finding is too weak or that the finding is against the great weight and preponderance of the credible evidence contrary to the finding.").[8] This was in review of a bench trial. *Id.* at 121 ("The trial court found that the property was not amenable to partition in kind and ordered a sale of the property."). Our Court did not mention abuse of discretion in its susceptibility-to-partition-in-kind review. *Id.* at 124.

*Bowman*, another Chapter 23 case, spoke of reviewing susceptibility to partition in kind not only for legal and factual sufficiency, but also for abuse of discretion. *Bowman*, 569 S.W.3d at 223–27 ("A trial court's factual findings, express and implied, are not conclusive and may be challenged for legal and factual sufficiency of the evidence." "[The] [t]rial court did not abuse its discretion in concluding that Lake Place was susceptible to being partitioned in kind.").

---

[7]The majority describes susceptibility to partition in kind as a threshold issue in Chapter 23A. I would describe it as the issue presented by the briefs of the parties, without saying anything that could be taken as a comment on what comes first in the Chapter 23A process.

[8]I would add *Champion* to the majority's discussion of who bears the burden of proof. *Champion*, 392 S.W.3d at 123 ("The party seeking partition by sale bears the burden of proving a partition in kind would not be fair and equitable.").

*Bowman* held that, "[w]hen facts are disputed, a trial court does not abuse its discretion if some of the conflicting evidence supports its decision." *Id.* at 223 (citing *Keller*, 168 S.W.3d at 820). *Keller* does speak about the "discretion" afforded to fact-finders on legal sufficiency review: "[w]hile jurors may generally believe either sinners or saints, their discretion is limited when it is proved beyond question that an 'eyewitness' was actually far away in prison or totally blind on the day of the crime." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). *Keller*, however, does not address abuse of discretion. *Id.*

*Dejean*, in a Chapter 23A susceptibility-to-partition-in-kind case, explained the relationship between abuse of discretion and sufficiency review this way: "Under an abuse-of-discretion standard, legal and factual sufficiency are not independent grounds for reversal, they are simply relevant factors in determining if the trial court abused its discretion." *Dejean*, 2024 WL 1668018, at *2 (citing *Beaumont Bank, N.A.*, 806 S.W.2d at 226). *Beaumont Bank*, though, spoke of "no evidence" and did not expressly link factual sufficiency to abuse of discretion. *Beaumont Bank, N.A.*, 806 S.W.2d at 226 ("Although the court of appeals reversed the trial court on the ground that there was 'no evidence' to support the issuance of the turnover order, the court of appeals should have reviewed the trial court's judgment under an abuse of discretion standard." "Whether there was no evidence to support the turnover award would, of course, be a relevant consideration in determining if the trial court abused its discretionary authority in issuing the order.").

11

**B.** **Factual and Legal Sufficiency As "Relevant Factors" in Abuse of Discretion Review**

The Texas Supreme Court recently held that, "[i]n family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in [an appellate court's] assessment of whether the trial court abused its discretion." *In re J.Y.O.*, No. 22-0787, 2024 WL 5250363, at *9 n.92 (Tex. Dec. 31, 2024) (second alteration in original) (quotation and citation omitted).[9] The property at issue there included, *inter alia*, the marital residence. *Id.* at *5.

There is reason to believe that what *In re J.Y.O.* said regarding family law applies to appellate review of susceptibility to partition in kind, under both Chapter 23 and Chapter 23A. In other words, there is reason to believe that *In re J.Y.O.* bolsters the underpinnings of *Bowman* and *Dejean* and demonstrates that *Dejean* accurately set forth the standard of review.

The equitable division of the marital estate has long been a hallmark of family law. *See e.g.*, *Hailey v. Hailey*, 331 S.W.2d 299, 303 (Tex. 1960) (speaking of "a just, fair and equitable

---

[9]Though the Texas Supreme Court stated that both legal and factual sufficiency are factors in the family law abuse-of-discretion standard, the court appears to have left the door cracked to a challenge that factual sufficiency cannot be considered as a factor in that analysis. *In re J.Y.O.*, 2024 WL 5250363, at *9 n.92 ("Hakan argues that the abuse-of-discretion standard mirrors the legal-sufficiency standard and that, therefore, a trial court's property characterization can be reversed on appeal only if there is legally insufficient evidence to support it. . . . [T]he standard Hakan proposes would make no difference in this case because the court of appeals found Hakan's evidence to be legally insufficient, not factually insufficient." (citations omitted)). A challenge to that effect is not before us; as noted above, the parties in the case at hand did not brief the standard of review. For today, and since we are addressing the standard of review independently in the absence of briefing, I would go by what the Texas Supreme Court has said, not by what it might (or might not) say. What it has said is that both legal and factual sufficiency are factors in the family law abuse-of-discretion standard. *Id.*

partition" of community property).  It remains so.  *See S.C. v. M.B.*, 650 S.W.3d 428, 447 (Tex. 2022) ("the equitable 'just and right' standard").

Likewise, partition has long been considered equitable in nature.  *See Sayers v. Pyland*, 161 S.W.2d 769, 772 (Tex. 1942).  Indeed, statutory partition incorporates equitable principles. TEX. PROP. CODE ANN. § 23.001 ("partition . . . under this chapter and the Texas Rules of Civil Procedure"); TEX. R. CIV. P. 770 ("fair and *equitable* division of the real estate") (emphasis added); TEX. PROP. CODE ANN. § 23A.003(b) ("This chapter supplements Chapter 23 and the Texas Rules of Civil Procedure governing partition of real property.").

The division of a marital estate is not the same as a partition suit, of course.  But parallels have long been recognized.  *See Hailey*, 331 S.W.2d at 303.  In *Hailey*, the Texas Supreme Court held that the equitable division of the community estate, like the partition of a cotenancy, "vests each of the parties thereto with a separate ownership of the particular tract of land allotted" but is neither a divestiture nor a transfer of title.  *Id.*  Instead, it is a dissolution, be it of the community estate or the cotenancy.  *Id.*

What is more, the division of the marital estate and partition of a cotenancy share the common step of a susceptibility to partition-in-kind inquiry.  *See id.* ("The trial court has the duty to determine if the community property is subject to partition in kind.  If he determines that it is then he shall equitably divide the community property between the parties.").  This is not to say that the considerations in partition and in the division of the marital estate are the same.  They are different.  *See S.C.*, 650 S.W.3d at 434 ("A Property Code partition presumes an even split;

13

in a divorce, by contrast, a judge uses a 'just and right' standard to divide community property.").

Despite their differences, it is informative that Chapter 23 partition and post-divorce Family Code partition coexist, and under appropriate circumstances, either can be invoked regarding the same property. *Id.* (observing that, when a divorce decree did not divide the property, but instead awarded it to the former spouses as an undivided tenancy in common, Chapter 23 was previously the sole post-divorce partition remedy, but "in 1987, the legislature enacted a statute (now codified as Subchapter C of Chapter 9 of the Family Code) that creates a new option for former spouses: using the 'just and right' standard even *after* divorce"). Both Chapter 23 partition and Family Code Chapter 9 partition are available, but if either former spouse invokes Family Code Chapter 9 within the time period permitted for that procedure, then that procedure must be used. *Id.*

C.      The *In re J.Y.O.* Standard Applies Here

Given the parallels discussed above, I view *In re J.Y.O.* as an indication that *Dejean* correctly set forth the standard of review for a trial court's susceptibility-to-partition-in-kind finding in a Property Code partition proceeding. This is true for both Chapter 23 and Chapter 23A. However, I would not use the precise language of *Dejean*, but instead would adopt the more recent language of the Texas Supreme Court in *In re J.Y.O.* Though *In re J.Y.O.* was a family law case, *S.C. v. M.B.* and other cases cited above indicate that the division of the marital estate and partition of co-tenancies share sufficient similarities, and equitable roots, to believe

14

that *In re J.Y.O.*'s articulation of the standard of review should apply to review of trial court susceptibility-to-partition-in-kind factual findings.

Thus, I would adopt the language of the Texas Supreme Court for use in the present context: "the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in [an appellate court's] assessment of whether the trial court abused its discretion." *In re J.Y.O.*, 2024 WL 5250363, at *9 n.92 (alteration in original). I would add that, "[u]nder any standard of review, the fact-finder is the sole judge of the credibility of witnesses and the weight to give their testimony." *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 255 n.50 (Tex. 2020).


Jeff Rambin
Justice

Date Submitted:     March 20, 2025
Date Decided:       May 7, 2025

15